DOUGLAS *v.* BUDER, JUDGE

No. 72–6198.   Decided June 4, 1973

PER CURIAM.

In November 1971, petitioner, a 50-year-old truck driver with no prior offenses, pleaded guilty to two counts of manslaughter and was given a suspended sentence and placed on probation for a period of four years by the respondent Missouri Circuit Court Judge.   One of the conditions of probation was that "[a]ll arrests for any reason must be reported without delay to [petitioner's] probation and parole officer."   In January 1972, petitioner was involved in a seven-vehicle chain-reaction accident on an Arkansas highway.   The driver of the

first vehicle was issued a traffic citation for failure to yield the right of way, and petitioner, along with four other drivers involved in the accident, was issued a citation for driving too fast for existing conditions. At the next scheduled meeting with his probation officer, 11 days after the accident, petitioner mentioned the accident and the receipt of the traffic citation. On the same day, the probation officer reported this information to respondent who thereupon scheduled a hearing for the purpose of determining whether petitioner's probation should be revoked. At the hearing, both the probation officer and the prosecutor took the position that petitioner had not violated any of the conditions of his probation and both recommended that probation be continued. Nevertheless, respondent, stating that petitioner's failure to report the accident and the traffic citation "displayed poor attitude toward his probation" and was not in "strict compliance with the terms of the probation," revoked probation and sentenced petitioner to concurrent terms of two years on each of the original two counts. Petitioner sought a writ of prohibition in the Missouri Supreme Court, but that court, in a 4-3 decision, concluded that respondent had not abused his discretion and therefore denied relief.

The apparent premise upon which respondent proceeded in revoking petitioner's probation was that petitioner had failed promptly to report an "arrest." But the issuance of the traffic citation was not an "arrest" under either Missouri or Arkansas law. By statute, Missouri defines an "arrest" as "an actual restraint of the person of the defendant, or . . . submission to the custody of the officer, under authority of a warrant or otherwise." Mo. Rev. Stat. § 544.180 (1953). Similarly, Arkansas defines an "arrest" as the "placing of the person of the defendant in restraint, or . . . submitting to the custody of the person making the arrest."

Ark. Stat. Ann. § 43–412 (1947). The record before us discloses absolutely no evidence that petitioner was subjected to an "actual restraint" or taken into "custody" at the scene of the accident or elsewhere. Consequently, we conclude that the finding that petitioner had violated the conditions of his probation by failing to report "all arrests . . . without delay" was so totally devoid of evidentiary support as to be invalid under the Due Process Clause of the Fourteenth Amendment. *Thompson* v. *Louisville,* 362 U. S. 199 (1960); *Garner* v. *Louisiana,* 368 U. S. 157 (1961).

The State argues, however, that the revocation of petitioner's probation should be viewed as a determination by respondent that, for purposes of Missouri law, a traffic citation is the equivalent of an arrest even though not accompanied by an actual restraint. But neither respondent nor the Missouri Supreme Court specifically made such a finding and no prior Missouri decisional law is cited to support the contention that a traffic citation has ever before been treated as the equivalent of an arrest. Moreover, even if it were clear that respondent had declared Missouri law to be that a traffic citation is the equivalent of an arrest, we would have to conclude that under the rationale of *Bouie* v. *City of Columbia,* 378 U. S. 347 (1964), the unforeseeable application of that interpretation in the case before us deprived petitioner of due process. We held in *Bouie* that "[w]hen . . . [an] unforeseeable state-court construction of a criminal statute is applied retroactively to subject a person to criminal liability for past conduct, the effect is to deprive him of due process of law in the sense of fair warning that his contemplated conduct constitutes a crime." *Id.,* at 354–355. And that same principle of due process is fully applicable in the context of the case before us.

The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is reversed and the cause is remanded to the Missouri Supreme Court for proceedings not inconsistent with this opinion.

*Reversed and remanded.*

THE CHIEF JUSTICE and MR. JUSTICE REHNQUIST concur in the result.

MR. JUSTICE BLACKMUN took no part in the consideration or decision of this case.