Certiorari was granted in this case to reexamine this court's holding in Gallion v. Alabama Market Centers, Inc., 282 Ala. 679, 213 So.2d 841 (1968), which very narrowly defined the term "investment contract" as that phrase is used in the Alabama Securities Act. We hold the term "investment contract" is to be more broadly defined than it was in Gallion; however, we find that this more flexible definition can only be applied prospectively and therefore affirm the Court of Criminal Appeals' reversal of James E. Burke's convictions.
A detailed statement of the facts of this case is set forth in the opinion of the Court of Criminal Appeals, 385 So.2d 643, and will not be restated here. James E. Burke, the defendant, was convicted in two cases for violating § 8-6-20, Code 1975: selling a security in an insolvent corporation. In each case the trial court found the so-called franchise agreements (Satellite Laboratory License Agreement and Trans-Lab License Agreement) the defendant was selling were investment contracts within the scope of the term security as defined in the Alabama Securities Act, § 8-6-2 (10), Code 1975. Defendant was convicted in both cases. Both convictions were appealed to the Court of Criminal Appeals; those appeals were consolidated on motion of the defendant, with the consent of the State.
The Court of Criminal Appeals found the agreements sold by the defendant are not within the meaning of investment contract as defined in Gallion. The appellate court stated:
 "The enforcement provisions of the Alabama Securities Act are applicable only if the financial arrangement involved is a security. By statutory definition an `investment contract' is a security. An investment contract is not defined by statute. The test `universally followed' in determining what constitutes an investment contract was stated in Securities and Exchange Commission v. W.J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244
(1946). *Page 650 
 "`(A)n investment contract . . . means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party. . . .'
* * * * * *
 "`The test is whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others.' Howey, 66 S.Ct. at 1102 and 1104.
 "This test was adopted by the Alabama Supreme court in Gallion v. Alabama Market Centers, Inc., 282 Ala. 679, 213 So.2d 841 (1968). Gallion is the only Alabama appellate case interpreting the definition of an investment contract. Gallion held that the merchandising method involved was not an investment contract because the profits the investor received were largely dependent upon his own efforts. Since the investor in the instant case, under both agreements, was required to exert more effort and engage in greater participation in producing any profits in which he would share than the investors in Gallion, the Trans-Lab License Agreement and the Satellite Lab License Agreement cannot be considered as securities."
We hold the appellate court was correct in its finding that the agreements sold by the defendant were not investment contracts as defined in Gallion and therefore are not securities within the meaning of the Act as previously interpreted. Thus, the appellate court was correct to reverse defendant's convictions. We hold, however, that "investment contracts" shall be defined in the future much more broadly than defined in Gallion.
In Gallion, this court adopted the definition of the term investment contract as stated by the Supreme Court inSecurities and Exchange Commission v. W.J. Howey Co.,328 U.S. 293, 298, 299, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244 (1946):
 "* * * In other words, an investment contract for purposes of the Securities Act means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party, it being immaterial whether the shares in the enterprise are evidenced by formal certificates or by nominal interests in the physical assets employed in the enterprise. * * *"
Taking the above definition, the Gallion court concluded the test for determining if an investment contract is a security is to conclude that it is when the scheme involves an investment of money in a common enterprise with profits to come solely
from the efforts of others.
Gallion relied on Howey because Tit. 53, § 36 (j), Code 1940, was identical to its federal counterpart: § 2 (1) of the Securities Act of 1933 (15 U.S.C. § 77b (1)). Title 53, § 36 (j) of the Code of 1940, was incorporated into the Code of 1975 with virtually no change and is now § 8-6-2 (10). It reads as follows:
 "(10) Security. Any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, certificate of interest or participation in an oil, gas or mining title or lease or in payments out of production under such a title or lease, annuity contract unless issued by an insurance company, bankers' shares, trustees' shares, investment participating bonds, investment trust debentures, units, shares, bonds and certificates in, for, respecting or based upon any form of securities or collateral, subscriptions and contracts covering or pertaining to the sale or purchase on the installment plan of any security as herein defined, or subscription or contracts covering or pertaining to the sale or purchase of beneficial interest in title to property, profits or earnings, or any right to subscribe to any of the foregoing or any instrument of any kind commonly known as a security." *Page 651 
In federal cases following Howey, it became apparent the use of the word "solely" in defining investment contracts created problems. See, e.g., Securities and Exchange Commission v.Glenn W. Turner Enterprises, Inc., 474 F.2d 476 (9th Cir. 1973); Lino v. City Investing Co., 487 F.2d 680 (3rd Cir. 1973); Securities and Exchange Commission v. KoscotInterplanetary, Inc., 497 F.2d 473 (5th Cir. 1974). In these cases, those respective courts held that the U.S. Supreme Court in Howey did not intend to set up a static principle incapable of flexibility, but, instead, intended to set up a flexible definition of investment contract which is capable of adaptation to meet the countless, and variable, schemes devised by those who seek the use of money belonging to others on the promise of profits. Id. We agree.
In Howey, the court made the following statement after it attempted to define an investment contract:
 "* * * Such a definition necessarily underlies this Court's decision in Securities Exch. Commission v. C.M. Joiner Leasing Corp., 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88, and has been enunciated and applied many times by lower federal courts. It permits the fulfillment of the statutory purpose of compelling full and fair disclosure relative to the issuance of `the many types of instruments that in our commercial world fall within the ordinary concept of a security.' H.Rep. No. 85, 73rd Cong., 1st Sess., p. 11. It embodies a flexible rather than a static principle, one that is capable of adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits. * * *" 328 U.S. at 299, 66 S.Ct. at 1103 (Emphasis added.)
Similarly, the Supreme Court in Tcherepnin v. Knight,389 U.S. 332, 338, 88 S.Ct. 548, 554, 19 L.Ed.2d 564 (1967), stated:
 "* * * As this Court observed with respect to the definition of security in § 2 (1) of the Securities Act of 1933, `the reach of the Act does not stop with the obvious and commonplace.' S.E.C. v. C.M. Joiner Leasing Corp., 320 U.S. 344, 351, 64 S.Ct. 120, 123, 88 L.Ed. 88 (1943). As used in both the 1933 and 1934 Acts, security `embodies a flexible rather than a static principle, one that is capable of adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits.' S.E.C. v. W.J. Howey Co., supra, 328 U.S. 299, 66 S.Ct. at 1103. * * *"
Likewise, in United Housing Foundation, Inc. v. Forman,421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975), the court concluded there is basically no distinction, for definitional purposes, between a security and an investment contract; therefore, both terms embody flexible principles. The court, inUnited Housing Foundation, Inc., supra, further stated:
 "* * * This test [Howey test], in shorthand form, embodies the essential attributes that run through all of the Court's decisions defining a security. The touchstone is the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others. * * *" (Emphasis added.) 421 U.S. at 852, 95 S.Ct. at 2060.
It is clear to us that the definition of, or test for, an investment contract was intended by the Howey court to be more flexible and broader than the court actually stated. Likewise, we find this court, in Gallion, intended to adopt a test which would meet the economics realities of the investment and business world. We, therefore, elect to modify the definition or test set forth in Gallion. We hold the true test for determining whether a contract, transaction, or scheme, is an investment contract is:
 "* * * the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others. * * *" United Housing Foundation, Inc., supra, at 852, 95 S.Ct. at 2060.
We further find the critical inquiry, incorporated into this test, to be: *Page 652 
 "* * * whether the efforts made by those other than the investor are the undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise." Glenn W. Turner Enterprises, Inc., supra, at 482. See also Koscot Interplanetary, Inc., supra.
We agree with the United States Court of Appeals for the Third Circuit:
 "* * * an investment contract can exist where the investor is required to perform some duties, as long as they are nominal or limited and would have `little direct effect upon receipt by the participant of the benefits promised by the promoters' * * *." Lino, supra at 692.
We hold, therefore, the test for, or definition of, an investment contract, as we have stated it in this opinion, shall apply prospectively only, from the date of this decision. To hold otherwise would result in a violation of the Due Process Clause requirement that a statute give fair warning of the conduct which it prohibits. See Douglas v. Buder,412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973); Bouie v. City ofColumbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964).
For the reasons stated, the reversal of the judgments of conviction of James E. Burke by the Court of Criminal Appeals is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.