**Gary BENNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00036–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 12, 1986.

Lawrence L. Garcia, Ehrlich & Garcia, San Antonio, for appellant.

Sam Millsap, Jr., Emil Holiner, Daniel Thornberry, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

OPINION

REEVES, Justice.

Appellant raises two grounds of error, contending: first, that he was denied a "neutral and detached" hearing body, and second, that he was denied the effective assistance of counsel.

A probationer is entitled to certain due process protections in a revocation proceeding. They include:

> [W]ritten notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and present witnesses, a 'neutral and detached' hearing body, and a written statement by the fact finders as to the evidence relied upon and the reasons for revoking probation.

*Ruedas v. State,* 586 S.W.2d 520, 523 (Tex. Crim.App.1979).

We have read the statement of facts. The hearing was held in an informal manner, with the judge asking all of the questions. However, the judge gave the appellant and his attorney full opportunity to call witnesses and develop appellant's defenses, if any. The appellant readily admitted he had violated 3 conditions of his probation and explained his reasons for not complying with the conditions.

■ Appellant has failed to call to our attention any specific acts of the trial court that constituted a denial of appellant's right to a neutral and impartial hearing body. Although we might not approve the manner in which the hearing was conducted, we are of the opinion that appellant's due process rights were not violated.

■ The appellant has failed to establish his contention that his counsel at the revocation hearing was ineffective. Under the test set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) appellant must establish that the performance of his attorney was deficient and that the deficient performance prejudiced the defense so as to deprive appellant of a fair trial. In evaluating whether the performance deprived appellant of a fair trial the proper standard requires the appellant to show that there is a reasonable possibility that, but for the attorney's unprofessional errors, the result of the revocation hearing would have been different. The appellant admitted that he violated the terms of his probation. In the light of appellant's admission, it is difficult to see how his attorney's conduct could effect a different result.

The judgment of the trial court is affirmed.

BUTTS, Justice, concurring opinion.

Because appellant was given notice of the charges against him in the motion to revoke probation, and because he specifically admitted violations, I concur. Although the burden of proof at the revocation trial is by a preponderance of the evidence, the hearing should be conducted in a more formal manner than was done in this case.

CANTU, Justice, dissenting opinion.

On December 30, 1982, appellant entered a plea of guilty to a pending indictment charging him with the felony offense of theft of property of the value of $10,000 or more. *See* TEX.PENAL CODE ANN. § 31.03.[1]

Punishment was assessed at confinement for a period of four years.

However, on January 27, 1983, the court granted deferred adjudication and placed appellant under the supervision of the probation office for the four year term. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3d(a) (Vernon Supp.1986).

On January 26, 1984, appellant's deferred adjudication was revoked and an order placing him on probation was entered. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3.

Among the conditions of probation was included the requirement that appellant make restitution payments of $600.00 per month toward a total amount of $19,907.00.

On October 24, 1984, a motion to revoke probation was filed alleging violation of several separate conditions of probation including failure to report to the Adult Probation Office on two occasions, failure to report a change of address within 48 hours, failure to make restitution payments and failure to make supervisory fee payments.

Following the issuance of a probation revocation capias warrant, appellant was arrested on October 25, 1984 and held to answer the motion to revoke.

On December 13, 1984, a hearing was held on the motion to revoke. Thereafter, probation was revoked upon a finding that appellant violated his conditions of probation by failing to report to the probation office, failing to report a change of address and failing to make restitution payments.

Appellant's brief raises two grounds of error. The first alleges that he was denied a neutral and detached hearing body. The second ground of error assails the performance of trial counsel.[2]

Both, the court's opinion and the concurring opinion recognize the shortcomings in

---

1. Amended by Acts 1983, 68th Leg., p. 2918, Ch. 497, § 3, eff. Sept. 1, 1983 making it a felony of the second degree where the value of the property taken is $20,000.00 or more.

2. The two page brief filed by appellate counsel does appellant little justice and minimally complies with the provisions of TEX.CODE CRIM. PROC.ANN. art. 40.09 (Vernon Supp.1986).

the hearing afforded the appellant but both agree that the action of the trial court does not call for reversal.

To state that the hearing was held in an informal manner is an understatement.

The statement of facts reflects that the probation revocation hearing possessed none of the formalities normally associated with judicial administration. There was no attempt to identify appellant as the probationer, no attempt to ascertain that appellant understood the allegations in the motion to revoke, no attempt to secure appellant's plea to the motion, no attempt to require the State to discharge its burden of proof on the pending motion and no attempt to require sworn testimony in support of the allegations lodged.

To be sure, the hearing commenced with evidence of displeasure on the part of the trial court that appellant had not sold a family business to raise monies for restitution purposes as apparently was represented.[3] Almost immediately the trial court intimidated appellant by threatening to pursue criminal charges against appellant's son who was now running the family business.[4]

The trial court then commenced to interrogate appellant on the pretext that it was considering a motion for continuance. Instead the interrogation delved into the allegations contained in the motion to revoke without the participation of the State either through examination or through the presentation of testimony.[5]

The right to confront and cross examine was rendered meaningless inasmuch as appellant was transformed into a witness against himself. Without the benefit of any State produced evidence, appellant then proceeded to call his wife as a witness,

the only witness, in fact, to testify under oath. Her testimony consists of factual information on appellant's financial condition and does not have any bearing on the allegations relied on for revocation. It neither added nor detracted from the State's case, whatever it may have been.

Judge Roberts, in *Ruedas v. State,* 586 S.W.2d 520, 523 (Tex.Crim.App.1979), quoting from *Davenport v. State,* 574 S.W.2d 73 (Tex.Crim.App.1978) stated:

> At a revocation of probation proceeding, a defendant need not be afforded the full range of constitutional and statutory protections available at a criminal trial. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). At such a proceeding, guilt or innocence is not at issue, and the trial court is not concerned with determining the defendant's original criminal culpability. 'The question at a revocation hearing is whether the appellant broke the contract he made with the court after the determination of his guilt.' *Kelly v. State,* Tex. Cr.App., 483 S.W.2d 467, 469. Also of significance is the fact that '... the result of such a hearing to revoke is not a *conviction* but a finding upon which the trial court might exercise its discretion by revoking or continuing probation.' *Hill v. State,* Tex.Cr.App., 480 S.W.2d 200, *cert. denied,* 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (emphasis added.) 'A probation revocation hearing is not ... a criminal prosecution.' *Hill v. State, supra.* It has been denominated as 'administrative in nature.' *Hill v. State, supra.*

It was further recognized in *Ruedas v. State, supra,* that a probationer is, nevertheless, entitled to certain due process protections in the revocation proceedings.

---

3. It appears from a reading of the entire statement of facts that appellant was placed on probation for the purpose of making restitution to the victim of the theft for which he was convicted and that as a part of the agreement for probation, appellant was to disassociate himself from the family business out of which the theft arose.

4. "The Court: If this [Bennett's continuation of the business] doesn't go through this Bennett gets to move to this side of the room with his father."

5. This is not a case where the trial court questions witnesses for purposes of clarifying an issue and yet manages to maintain an impartial attitude. *Cf. Brewer v. State,* 572 S.W.2d 719 (Tex.Crim.App.1978).

These protections, often denominated "minimum requirements of due process": are (1) written notice of the claimed violations of probation, (2) disclosure to the probationer of the evidence against him, (3) the opportunity to be heard in person and to present witnesses, (4) the right to confront and cross-examine adverse witnesses, (5) a "neutral and detached" hearing body, and (6) a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation. *See Gagnon v. Scarpelli, supra; Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

In Texas a probationer is afforded greater safeguards in the procedures for revoking probation than is afforded under federal law. Thus, in a probation revocation, the proceeding, although not the same as a criminal trial, requires substantially all the same procedure ... an adversary proceeding in which almost all of the rules of evidence and criminal procedure are applicable. *See Whisenant v. State,* 557 S.W.2d 102 (Tex.Crim.App.1977); *See also State v. Edelblute,* 424 P.2d 739, 91 Idaho 469 (1967) where the Idaho Supreme Court adopted the same approach ...

> Traditional rules governing the exercise of judicial power must be followed when the probationer's expressly circumscribed liberty is jeopardized ... Although the full stringency of the criminal law is not here applicable, nevertheless the proprieties of judicial administration do insist that if probation is to be revoked, judicial process must be observed.

Moreover, even under federal guidelines a probationer's probation may not be revoked unless the decision rests on permissible grounds and is supported by sufficient evidence. *Black v. Romano,* 471 U.S. ——, 105 S.Ct. 3548, 87 L.Ed.2d 671 (1985); *See also generally Morrissey v. Brewer, supra; Gagnon v. Scarpelli, supra; Douglas v. Buder,* 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973).

Because I am convinced that appellant was not afforded the "neutral and detached" hearing body contemplated by case law I would sustain his first ground of error.

Although I do not agree with the manner in which the court's opinion disposes of the ineffective counsel contention, I find it unnecessary to predicate reversal on that ground. Suffice it to point out that performance by counsel was in large measure dictated by the manner in which the trial court conducted the hearing.

For the reasons expressed, I dissent to the affirmance of the trial court's judgment.