926 P.2d 1318

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steven Alan JONES, Defendant–Appellant.**

**No. 22206.**

Court of Appeals of Idaho.

Nov. 5, 1996.

Crandall, Gilman, Wight & Pica, L.L.P., Boise, for appellant. Derek A. Pica argued.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General (argued), Boise, for respondent.

PERRY, Judge.

Steven Alan Jones appeals from an order revoking his probation. He also appeals from the judgment of conviction entered upon revocation of a withheld judgment, and the sentence of five to ten years he received for sexual abuse of a minor under sixteen. We affirm.

# I.

## PROCEDURAL BACKGROUND

For conduct which allegedly occurred between 1986 and 1992, Jones was indicted on three counts of lewd conduct with a minor, I.C. § 18–1508, and two counts of sexual abuse of a minor under sixteen, I.C. § 18–1506, involving three of his former step-children and another child. Pursuant to a plea bargain reached with the state, Jones agreed to plead guilty to one count of sexual abuse of a minor, K.O., in exchange for the dismissal of the remaining four counts. The state agreed to the entry of a withheld judgment and a ten-year term of supervised probation, with special conditions requiring that Jones obtain a written evaluation by Dr. Jerry Doke or Sexual Abuse Now Ended (S.A.N.E.) and successfully complete any counseling or therapy recommended in the evaluation.

On January 24, 1994, the district court held a hearing where Jones proposed to enter a guilty plea while asserting factual innocence pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and in accordance with the terms of the parties' conditional plea agreement under Rule 11(d)(1)(C) and (D). The district court advised Jones of the rights he would be waiving by entering a guilty plea. The district court further explained on the record that the evaluation and completion of a certified sexual abuse counseling program would be made a fundamental condition of Jones's probation which, if not complied with, would be considered a violation of probation. At the conclusion of the hearing, the district court accepted Jones's *Alford* plea on the condition that a presentence investigation report be prepared before the district court

would fully implement the Rule 11 plea agreement.

At the sentencing hearing in March 1995, the district court considered argument from counsel explaining the reasons behind the Rule 11 plea agreement and urging the district court to agree to be bound by that agreement. Ultimately, the district court accepted the terms of the Rule 11 plea agreement, whereby the district court obligated itself to withhold judgment and place Jones under supervised probation for a period of ten years.

Approximately five months after the entry of the withheld judgment and order placing Jones on probation, Jones was arraigned on a probation violation alleging that Jones had failed to participate in and complete sexual abuse counseling mandated by the terms of his probation. These allegations were based on Jones's denial that he committed any of the offenses. No disposition was reached at the first scheduled hearing on the violation. However, the parties agreed to modify the probation terms to allow Jones to transfer from Dr. Doke to S.A.N.E. and provide to S.A.N.E. a complete, detailed and accurate sexual history upon which Jones would then be subjected to a polygraph examination to verify his honesty in so reporting. When Jones failed the polygraph and never became involved in counseling, a hearing was then scheduled to permit the state to call witnesses in order to persuade the district court to revoke Jones's probation.

The district court determined that Jones's probation should be revoked. On May 26, 1995, the district court ordered that the withheld judgment be revoked, entered a judgment of conviction, and imposed a sentence of five to ten years on the sexual abuse charge to which Jones had pled guilty. Jones appealed.

# II.

## DISCUSSION

### A. Validity of Special Probation Terms

Jones claims that the district court denied him his due process rights by accepting his *Alford* plea and then imposing a

condition of probation which required that he admit guilt in order to complete the mandated sexual abuse counseling. Jones argues that because an *Alford* plea does not require an admission of factual guilt, it is incongruous for his probation to be conditioned upon complete and accurate disclosure, including not only the offense to which he pled guilty but also those which were dismissed. Jones contends, therefore, that he was deprived of the benefit of the plea agreement and that the revocation of his probation, which was based on his failure to complete sexual abuse counseling, should be vacated.

■■■■ An express admission of guilt is not a constitutional requisite to the imposition of a criminal penalty. *Alford*, 400 U.S. at 37, 91 S.Ct. at 167. An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he or she is unwilling or unable to admit participation in the acts constituting the crime. *Id.* A trial judge's decision whether to accept guilty pleas from defendants who assert their innocence, therefore, is a discretionary one. *Id.* at 39, n. 11, 91 S.Ct. at 168, n. 11.

Here, all of the parties agreed to accept an *Alford* plea whereby Jones could maintain his innocence to the underlying charge and waive his right to a jury trial. As stated in the Rule 11 plea agreement, Jones's purpose in offering an *Alford* plea was to take advantage of the plea agreement and to put an end to the matter. At the entry of Jones's guilty plea, the district court spelled out for Jones what would be required of him to comply with the special probation conditions:

> If the defendant undertakes an evaluation and if as a result of that evaluation the evaluator indicates that defendant is not amenable to counseling, for example, for the reason that he is in denial, denies doing anything and therefore they will not take him, I will consider that to be a violation of his probation.

The district court further advised Jones:

> [F]rom my general experience with these programs, regardless of how you denominate this plea, *Alford* plea or otherwise, that if you are in general denial these programs may not take you. That they

expect full and fair and reasonable disclosure. They do use plethysmograph and polygraph which I'm sure you are aware of ... [i]t does require fair disclosure and we'll leave it at that.

Arguing in support of the plea agreement, the prosecutor at the sentencing hearing made reference to the district court's earlier admonitions to Jones regarding the counseling:

> This Court told [Jones] that [not owning up to it] was fine if that was the position he wanted to take at the presentence, but when it comes to going and getting evaluated at S.A.N.E. or with Jerry Doke's program, he was going to have to fess up or else he'd never make it.

■■■■ The district court has broad, though not unbounded, discretion in deciding upon the terms of probation. The terms of probation must be reasonably related to the purpose of probation, rehabilitation. *State v. Mummert*, 98 Idaho 452, 454, 566 P.2d 1110, 1112 (1977). In Jones's case, the standard conditions of probation and special conditions directed to his peculiar circumstances were incorporated into the written plea agreement. Additionally, the district court elaborated on these special conditions to dispel any confusion or misunderstanding about the meaning of the requirement that Jones "successfully complete" any recommended counseling or therapy.

Therefore, Jones cannot honestly assert that he had no notice that he would be required to admit wrongdoing as a prerequisite to the counseling prescribed in his probation. The record also refutes Jones's contention that his understanding was that he would not have to admit guilt. Although the trial court's refusal to accept Jones's *Alford* plea would have been appropriate under the circumstances of this case and the nature of the program involved, we conclude that the district court did not abuse its discretion in accepting such a plea. We also conclude that Jones's *Alford* plea did not exempt him from fulfilling the terms of his probation, including the requirement of full disclosure which was deemed essential to successful participation in sexual abuse counseling and rehabilitation.

## B. Revocation of Probation

Next, we review the district court's order revoking probation to determine whether the district court erred in finding that Jones had failed to comply with the conditions of his probation. A court may revoke probation only upon evidence that the probationer has in fact violated the terms or conditions of probation. *State v. Lafferty,* 125 Idaho 378, 381, 870 P.2d 1337, 1340 (Ct. App.1994), *citing Douglas v. Buder,* 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973). A court's finding that an alleged violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding. *Id.*

A motion and order for a bench warrant was filed in August 1994 alleging that Jones had violated the terms of his probation by failing to successfully complete any counseling or therapy recommended by Dr. Doke or S.A.N.E., failing to attend group treatment with Dr. Doke, failing to provide the necessary information to Dr. Doke in order that a comprehensive sexual history could be completed, and failing to provide a truthful polygraph. Between the filing of the motion and the hearing to determine whether Jones's probation would be revoked, the parties agreed on November 7, 1994, in open court, to allow Jones "to shift out of Doctor Doke's care into S.A.N.E.'s care." Doctor Doke testified that Jones had never completed a sexual history, that he was asserting his innocence and was in complete denial as to all of the allegations against him. Doctor Doke also testified that Jones had attended group sessions but was expelled from the group because he refused to admit committing any sexual offenses. Jones's probation officer testified that he learned from Dr. Doke that Jones had refused to complete the sexual history, without which a sexual history polygraph could not be accomplished. Mark McCullough, a counselor with S.A.N.E., testified that Jones did complete a full sexual history in the required format; however, he failed a polygraph exam which was administered based on that history. McCullough stated that he would not accept Jones into treatment because of his denial, and he concluded that Jones would be very difficult to treat.

After the probation revocation hearing which lasted for six days, the district court found that Jones had failed to successfully complete counseling with Dr. Doke or S.A.N.E., failed to attend group treatment with Dr. Doke, failed to provide a comprehensive sexual history and failed to provide a truthful polygraph. We need not address the correctness of each of the probation violations found by the district court, as there is ample evidence in the record to support the finding that Jones did not comply with the fundamental condition of his probation, that is, that he successfully complete a sexual abuse treatment program.

In reviewing a revocation of probation, we examine whether the district court abused its discretion in finding that probation could not be an effective means of rehabilitation, *Mummert,* 98 Idaho at 454, 566 P.2d at 1112. From the record before us, we conclude that the district court acted within its discretion in revoking Jones's probation and imposing a sentence of incarceration.

## C. Denial of Privilege Against Self–Incrimination

Jones next asserts that he was denied his Fifth Amendment right against self-incrimination by being required in treatment to admit to his sexual activities with the minor children who were the victims of the charges that were dismissed pursuant to the Rule 11 plea agreement. Jones claims that, by being required to provide a comprehensive sexual history and admit to sexual contact with those children, he was compelled to incriminate himself or risk revocation for noncompliance with the terms of his probation.

It is settled law that a plea of guilty waives the privilege against self-incrimination, *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *State v. Carrasco,* 117 Idaho 295, 297, 787 P.2d 281, 283 (1990), and that the waiver continues during the sentencing phase. *State v. Wilkins,* 125 Idaho 215, 218, 868 P.2d 1231, 1234 (1994). The waiver applies with respect to those offenses to which the defen-

dant pleads guilty, but it is not to be construed "as being a blanket waiver with respect to other offenses that might be charged against [the defendant] later." *Krogmann v. United States*, 225 F.2d 220, 226 (6th Cir. 1955).

The privilege against self-incrimination presupposes a real danger of legal detriment arising from the disclosure, *Rogers v. United States*, 340 U.S. 367, 372, 71 S.Ct. 438, 441, 95 L.Ed. 344 (1951), which the witness may reasonably apprehend could be used in a criminal prosecution or could lead to other evidence that might be so used. *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

When prosecution and conviction are precluded by a grant of immunity, the privilege against self-incrimination does not apply. J.W. STRONG, MCCORMICK ON EVIDENCE § 121 (4th ed. 1992). Immunity operates to "compel testimony over a claim of the privilege" against self-incrimination. *Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972), *cited in State v. Pratt*, 125 Idaho 546, 561, 873 P.2d 800, 815 (1993). Both the constitutional privilege against self-incrimination and immunity statutes protect a witness from future prosecutions. *Reina v. United States*, 364 U.S. 507, 514, 81 S.Ct. 260, 264–65, 5 L.Ed.2d 249 (1960). The plea agreement gave Jones immunity from further criminal charges based on any alleged matters which the state currently had knowledge or awareness of. Thus, because of the immunity granted to Jones, we conclude that Jones was not harmed as a result of any asserted infringement of his privilege against self-incrimination.

## D. Admissibility of Children's Testimony

Jones also argues that the testimony of the minor children, who were the subjects of the dismissed charges, was admitted in error. He claims that their testimony was not remotely related to any alleged probation violation and that the state used the probation violation hearing to try Jones on the charges which previously had been dismissed.

The determination of relevancy is a question of law, which is to be made before the trial court decides whether to admit the evidence. *State v. Raudebaugh*, 124 Idaho 758, 766, 864 P.2d 596, 604 (1993). At the start of the probation revocation hearing on April 4, 1995, the district court commented that it was faced with resolving:

> [T]he breadth of the court's willingness to entertain the testimony and for what purpose of a variety of alleged victims [who] were named in the original indictment as they relate to the giving of an accurate sexual history that the defendant was required to give in terms of an evaluation, either with Dr. Doke or through the S.A.N.E. program.

On April 10, 1995, the district court indicated that the material issue before it was whether the denied allegations were true. In order to determine whether the counseling requirement was a reasonable term of probation, the district court needed to decide that counseling was necessary as a result of Jones's alleged conduct. The district court then ruled that the prosecutor could present the testimony of all the children referred to in the charges of the original indictment which were later dismissed.

We agree with the district court that the testimony was relevant to show that Jones had not complied with the term of probation requiring him to give a comprehensive and accurate sexual history. We hold that the district did not err in admitting the testimony of the minor witnesses.

## E. Excessiveness of Sentence

As his final issue on appeal, Jones argues that the unified sentence of ten years, with five years' minimum period of confinement, on the charge of sexual abuse of a minor is excessive. Pointing to the district court's statement that Jones "pled guilty and walked the plank on one relatively minor charge within the context of several much more serious allegations that were dismissed," Jones contends that his sentence is unreasonably harsh. Jones also argues that, in imposing sentence, the district improperly considered the dismissed charges and un-

charged conduct regarding another minor, J.W.

We review a sentence on appeal for an abuse of the sentencing court's discretion, taking into account the objectives of sentencing and well-established standards for evaluating the reasonableness of a sentence. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any view of the facts. *State v. Charboneau,* 124 Idaho 497, 500, 861 P.2d 67, 70 (1993). For purposes of our review, we look to the fixed period of confinement which, in Jones's case, is five years. *See State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989).

The presentence investigation report was first presented to the district court to aid the court in deciding whether to accept the Rule 11 plea agreement. Included in the report were accounts of the circumstances surrounding the four counts which were ultimately dismissed by the district court, as well as summaries from the interviews of the children which were conducted by CARES. Also included were letters of support from Jones's family and no significant criminal history.

In sentencing Jones on his plea of guilty to the one count of sexual abuse of K.O., the district court directly addressed its intent to consider the dismissed charges and conduct which as yet had not been charged in fashioning a sentence, particularly where the minor victims had testified at length. Additionally, the district court cited case law defining the scope of information which a trial court may consider at sentencing. We therefore find no merit in Jones's claim that the district court improperly considered this information.

Given Jones's adamant denial that he committed the offense to which he pled guilty, or the other sexual offenses dismissed as part of the plea agreement, the district court concluded that Jones would not be amenable to treatment. The district court stated its belief that the plea was made on the least heinous and the least serious offense charged, rather than on the charges relating to lengthy allegations of sexual abuse within the family committed surreptitiously over an extended period of time and resulting in the hospitalization of one of the minors. The district court concluded that Jones was a high risk to reoffend, thereby acknowledging that society must be protected from him. The district court rejected continuing Jones on probation, revoked the withheld judgment and imposed sentence. From the evidence before us, we conclude that the sentence of ten years, with a minimum period of confinement of five years, was not an abuse of the sentencing court's discretion.

## III.

## CONCLUSION

We conclude that the *Alford* plea to one count of sexual abuse of a minor did not exempt Jones from completing his probation, including compliance with the requirement of full disclosure of his sexual history. We conclude that the district court did not abuse its discretion in finding that Jones had violated his probation as a basis for revoking Jones's probation.

We hold that any alleged violation of Jones's Fifth Amendment privilege against self-incrimination is not reversible error in light of the grant of immunity accorded Jones pursuant to the Rule 11 plea agreement. We further hold that the testimony of the minor children was properly deemed relevant and admissible at the probation revocation hearing.

We affirm the district court's order revoking the withheld judgment and imposing the sentence of ten years, with a minimum fixed term of five years, for sexual abuse of a minor.

WALTERS, C.J., and LANSING, J., concur.