The Honorable Paula J. Carter State Senator, 5th District Missouri Senate State Capitol Building Jefferson City, MO 65101
Dear Senator Carter:
You have submitted the following question to this office for response:
Does the Sunshine Law require that electronic municipal court records which include the race of arrested persons and the location of the offense be made available to the public?
In the information you supplied with your request you state that several municipalities have refused to provide the information to newspapers investigating the issue of racial profiling.
There are several elements to your question.[1] Among the individual elements are the following: 1) Are arrest records within the purview of the Sunshine Law; 2) If arrest records are addressed in the Sunshine Law, what portions, if any, are subject to disclosure, and when are such portions subject to disclosure; and 3) Does the existence of the records electronically affect the answer to whether the records are subject to disclosure.
The "Sunshine Law" is the name used to identify provisions of Chapter 610 RSMo. Since it was initially enacted in 1973 there have been numerous amendments refining the types of documents covered by the law, as well as expanding the entities subject to its provisions. Section 610.010(4)(c) defines public governmental body to include "any municipal government."
Section 610.011 RSMo 1994 states the public policy of the State of Missouri that records of public governmental bodies shall be open to the public unless otherwise provided by law. That section further states that Sections 610.010 to 610.028 should be liberally construed and exceptions therein strictly construed to promote this policy. While Section 610.011 RSMo 1994 expresses the intent of the legislature regarding records covered by Sections610.010 to 610.028, it is of little assistance to answer your question because arrest records are governed by Sections 610.100
to 610.126 RSMo.
You have asked whether arrest records are subject to disclosure, particularly those records that would reveal the race of the arrested person and the location of the offense. Section610.100.1(1) defines several terms which assist in answering your question. Those definitions include:
(1) "Arrest", an actual restraint of the person of the defendant, or by his or her submission to the custody of the officer, under authority of a warrant or otherwise for a criminal violation which results in the issuance of a summons or the person being booked;
(2) "Arrest report", a record of a law enforcement agency of an arrest and of any detention or confinement incident thereto together with the charge therefor;
(3) "Inactive", an investigation in which no further action will be taken by a law enforcement agency or officer for any of the following reasons:
 (a) A decision by the law enforcement agency not to pursue the case;
 (b) Expiration of the time to file criminal charges pursuant to the applicable statute of limitations, or ten years after the commission of the offense; whichever date earliest occurs;
 (c) Finality of the convictions of all persons convicted on the basis of the information contained in the investigative report, by exhaustion of or expiration of all rights of appeal of such persons;
(4) "Incident report", a record of a law enforcement agency consisting of the date, time, specific location, name of the victim and immediate facts and circumstances surrounding the initial report of a crime or incident, including any logs of reported crimes, accidents and complaints maintained by that agency;
(5) "Investigative report", a record, other than an arrest or incident report, prepared by personnel of a law enforcement agency, inquiring into a crime or suspected crime, either in response to an incident report or in response to evidence developed by law enforcement officers in the course of their duties.
In preparing this response, we have assumed that the records to which you have asked are, in fact, arrest records. The term "arrest" is normally understood to comprehend some form of physical detention or restraint of the person. See Section544.180 RSMo 1994. The United States Supreme Court has ruled that the issuance of a traffic ticket does not constitute an "arrest" unless the person is restrained or taken into custody. Douglas v.Buder, 412, U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973). The Court has recently ruled that a traffic ticket is not an arrest that justifies a warrantless search. Knowles v. Iowa,525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998).
Excessive speeding, however, can result in an "arrest" as contemplated by Chapter 610 RSMo. If the speeding violation is five miles per hour or less over the posted limit, it is only an infraction. See Section 304.009.1 RSMo 1999 Supp. However, between five and twenty miles over the posted speed limit is a Class C misdemeanor and more than twenty miles per hour over the posted limit is a Class B misdemeanor. See Section 304.010.10 RSMo 1999 Supp. Section 544.216 RSMo 1999 Supp. allows a police officer to arrest an individual for a violation of law, including for misdemeanors or infractions. If arrest reports are created as a result of a speeding violation, these reports are subject to the provisions of Chapter 610 RSMo.
The statute is quite clear regarding incident reports and arrest reports. Subsection 610.100.2 RSMo 1999 Supp. states "All incident reports and arrest reports shall be open records." Statutory language is to be given its plain and ordinary meaning.Turley v. Turley, 5 S.W.3d 162 (Mo. 1999).
Subsection 3 permits the closing of portions of records otherwise open to the public if the "information that is reasonably likely to pose a clear and present danger to the safety of any victim, witness, undercover officer, or other person; or jeopardize a criminal investigation . . . or which would disclose techniques, procedures or guidelines for law enforcement investigations or prosecutions" and that information "shall be redacted from any record made available pursuant" to Chapter 610 RSMo.
Section 610.105 RSMo 1999 Supp. requires that records, with exceptions not pertinent to your inquiry, be closed if a person is charged with an offense but the case is nolle prossed, dismissed, the individual is found not guilty or imposition of sentence is suspended. Section 610.122 RSMo 1999 Supp. provides for expungement of records under certain circumstances. Upon the existence of any of those circumstances the records of the arrest may be expunged by court order.
Protecting certain types of records from disclosure was in reaction to the circumstances that led to the initiation of litigation in Hyde v. City of Columbia, 637 S.W.2d 251 (Mo.App. 1982). In that case the name and address of the victim of a crime was released by the city to newspaper reporters and was published in the newspapers while the suspect was still at large. Before he was apprehended he harassed and terrorized the victim seven separate times. The court stated:
To construe the Sunshine Law to open all criminal investigation information to anyone with a request subserves neither the public safety policy of our state nor the personal security of a victim — but rather, courts constitutional violations of the right of privacy of a witness or other citizen unwittingly drawn into the criminal investigation process as well as the right of an accused to a fair trial. Such a construction leads to the absurdity . . . that an assailant unknown as such to the authorities, from whom the victim has escaped, need simply walk into the police station, demand name and address or other personal information — without possibility of lawful refusal, so as to intimidate the victim as a witness or commit other injury. [Court's emphasis.]
Id., 637 S.W.2d at 263.
Stating its intent to avoid an unlawful or absurd application of the law, the Court determined that "the name and address of a victim of crime who can identify an assailant not yet in custody is not a public record under the Sunshine Law." Id.,637 S.W.2d at 263. [Court's emphasis.] Although the Sunshine Law has been amended subsequent to Hyde v. City of Columbia, supra, the foregoing statement by the Court in Hyde appears still valid.
The availability of the records is not affected if they are in an electronic format. Moreover, public governmental bodies are "strongly encouraged" to provide access to electronic records in an electronic format to the greatest extent feasible. Section610.029 RSMo 1999 Supp. Even if, however, such a format is not provided the records should be reproduced in hard copy and made available for inspection if such records are otherwise open to inspection.
Arrest and incident reports are open records, subject to certain restrictions mentioned above. Information that could endanger a person or jeopardizes a criminal investigation or reveals law enforcement techniques are to be redacted from records that are provided. Moreover, upon the occurrence of certain enumerated events, or the passage of time, the records become closed, and may be expunged. However, to the extent that the records are open records at the time such records are sought, if the records contain the race of the individual arrested or the location where arrested, that information should be disclosed. This conclusion applies to arrest records as defined in Section610.100.1(1)(2).
 CONCLUSION
The Sunshine Law requires disclosure of the race of the arrested person and the location of the arrest from an arrest report if that information is contained in the arrest report and the arrest report has not been closed pursuant to the provisions of the Sunshine Law. The status of the records is not affected if they are maintained in an electronic format.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure
[1] Municipal courts are part of the judiciary pursuant to Article IV, Section 23 of the Missouri Constitution. As such, those courts' records are only subject to disclosure under Chapter 610 RSMo if those courts are "operating in an administrative capacity."