COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





GERALD HOOPER,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00262-CR



Appeal from the


Criminal District Court No. 5


of Dallas County, Texas 


(TC# F-0036985-TL) 


M E M O R A N D U M O P I N I O N


 Gerald Hooper appeals his revocation of probation. The trial court accepted
Appellant's Plea of True, revoked his probation, and sentenced Appellant to eight (8) years'
confinement. In a single issue, he contends the trial court abused its discretion in revoking
his probation. We affirm.

I

 In June 2000, Appellant received eight (8) years' probation for injury to a child. In
November 2001, the State filed a motion to revoke, alleging seven violations of probation.
The revocation hearing was held May 3, 2002 and Appellant pled true to some of the
allegations. Before he was sworn, Appellant testified concerning several of the violations
in response to questions by the trial court. Thereafter Appellant was sworn and he continued
his explanation and request for probation to the trial court. At the conclusion of the hearing,
the trial court revoked Appellant's probation. 

II

 In his sole issue, Appellant contends that there was no signed plea of true and this was
noted by the court. Appellant's first several minutes of testimony were not sworn. 
According to the argument, because the first several minutes of testimony were unsworn, it
should not have been considered by the trial court. He cites Tex. R. Evid. 603 which
requires an oath before testifying. We generally agree. He further postulates that under the
Texas Code of Criminal Procedure, the sworn testimony of Appellant should not be
considered because he was not called as a witness by his attorney. See Tex. Code Crim.
Proc. Ann. art. 38.08 (Vernon 1979). Appellant concludes that because he did not plead 
true, and by excluding consideration of Appellant's own testimony, the State failed to prove
by a preponderance of the evidence, the grounds for revoking probation. (1) He cites Rodriguez
v. State, 2 S.W.3d 744, 746 (Tex. App.--Houston [14th Dist.] 1999, no pet.)(order revoking
probation must be supported by a preponderance of the evidence).

 The State retorts it sustained its burden. At the outset of the hearing, Appellant was
given the opportunity to explain the violations and Appellant orally pleaded true to each
violation. Because Appellant testified to his violations of probation, the trial court did not
abuse its discretion by revoking his probation. The State cites Herald v. State, 67 S.W.3d
292, 294 (Tex. App.--Amarillo 2001, no pet.)(trial court does not abuse discretion in
revoking probation if there is some evidence of violation of a term of probation). No court
has held that only a signed plea of true is permissible or that an oral plea must be sworn. The
State further argues that a defendant has no due process right to enter a plea in a probation
revocation hearing citing Detrich v. State, 545 S.W.2d 835, 836-37 (Tex. Crim. App. 1977)
(law does not require that a plea be entered in a motion to revoke hearing). Conceding that
some testimony was unsworn, the State maintains there is still sufficient sworn testimony to
support the revocation. Further, nothing prohibits the court from considering a defendant's
testimony merely because the defense attorney did not call him as a witness. Bennett v. State,
705 S.W.2d 806, 806-07 (Tex. App.--San Antonio 1986, no pet.)(rights not violated when
judge conducted hearing and asked all the questions). Finally, there is no indication
Appellant was forced to testify against his will. We agree with the State's procedural
arguments and overrule Appellant's procedural arguments.

III

 In reviewing the trial court's decision to revoke probation, it must be kept in mind that
the trial court possesses substantial discretion. When the State has sustained its burden of
proving the allegation by a preponderance of the evidence and no procedural obstacle is
raised, the decision whether to revoke probation is within the discretion of the trial court.
Flournoy v. State, 589 S.W.2d 705, 707 (Tex. Crim. App. 1979); Williams v. State, 910
S.W.2d 83, 85 (Tex. App.--El Paso 1995, no pet.). Under such circumstances, the trial
court's discretion is substantially absolute. Flournoy, 589 S.W.2d at 708. Thus, the only
question presented on appeal is whether the trial court abused its discretion in revoking
probation. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Lloyd v. State, 574
S.W.2d 159, 160 (Tex. Crim. App. 1978). If a single ground for revocation is supported by
a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not
shown. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); Jones v. State, 571
S.W.2d 191, 193-94 (Tex. Crim. App. 1978); Gobell v. State, 528 S.W.2d 223, 224 (Tex.
Crim. App. 1975).

 Proof by a preponderance of the evidence on any one of the alleged violations of the
conditions of probation is sufficient to support the order of revocation. Sanchez, 603 S.W.2d
at 871; Jones, 571 S.W.2d at 193. When several violations are found by the court, the order
revoking probation shall be affirmed if the proof of any allegation is sufficient. Moore v.
State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); McCollum v. State, 784 S.W.2d 702,
704-05 (Tex. App.--Houston [14th Dist.] 1990, pet. ref'd).

IV

 After he was sworn, Appellant testified that he had possession of methamphetamine,
he relapsed on drugs, did not attend CATS evaluation, missed anger management classes and
did not sign up again, and also failed to go back to family violence classes. Thus his sworn
testimony, properly and voluntarily given, admitted of at least violations of counts one, five,
six, and seven of the motion to revoke. Proof of several violations provides sufficient
evidence to revoke probation. Moore, 605 S.W.2d at 926. There is no abuse of discretion
when even a single valid ground for revocation is shown. Sanchez, 603 S.W.2d at 871. 
Thus, the trial court did not err in revoking Appellant's probation. Appellant's sole issue is
overruled.

 The judgment is affirmed.

November 21, 2003


 

 DON WITTIG, Senior Justice



Before Panel No. 5

McClure, Chew, and Wittig, JJ.

(Wittig, J., sitting by assignment)


(Do Not Publish)
1. Some of Appellant's responses to the court were not direct, including his response concerning how he
pled. For the sake of Appellant's argument, we will assume Appellant did not plead at all.