NOT DESIGNATED FOR PUBLICATION

Nos. 118,834
118,835

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY ALLEN LIBY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed December 7, 2018. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM:  Jerry Liby appeals from the district court's revocation of his probation, contending that the district court lacked the authority to incarcerate him without first having imposed intermediate sanctions. Finding no error, we affirm.

1

*Factual and procedural background*

Two cases underlie this appeal. Liby pleaded no contest to felony domestic battery in 15 CR 1185. In March 2016, the district court sentenced him to 12 months of probation with an underlying prison sentence of 12 months.

In August 2017, Liby pleaded no contest to aggravated battery in case 16 CR 621. Liby's presentence investigation report showed he had a criminal history score of A. On October 30, 2017, the district court granted Liby's motion for dispositional departure and sentenced him to 18 months of probation with an underlying 21-month prison sentence. As a result of that case, Liby stipulated to having violated his probation in 15 CR 1185, so the court imposed a 14-day jail sanction and extended his probation for 18 months.

On November 6, 2017, the State moved to revoke Liby's probation, alleging that Liby had violated the terms of his probation for cases 15 CR 1185 and 16 CR 621 by the following acts:  not reporting to his probation officer, failing to maintain employment, consuming alcohol, not complying with sanction imposed by his probation officer, and failing to obtain a drug and alcohol evaluation. On November 28, 2017, the court found that Liby had violated his probation in both cases so it revoked his probation in both cases and ordered him to serve his underlying sentences. The journal entry specified that intermediate sanctions were not required because Liby had initially been granted a dispositional departure to probation.

Liby appeals, contesting only the revocation of his probation in case 16 CR 621.

*Preservation*

Liby argues for the first time on appeal that the district court erred by revoking his probation without first imposing intermediate sanctions under K.S.A. 22-3716(c).

Generally, issues not raised before the district court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But an exception to that rule permits us to hear an argument for the first time on appeal if the newly asserted theory involves only a question of law and determines the case. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Liby invokes this exception here, fulfilling his duty to explain why he did not raise the issue below and why we should consider it on appeal. See Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34).

We agree that Liby's appeal involves a question of law—whether K.S.A. 2017 Supp. 22-3716(c)(9)(B) applies to his case. We thus find this exception applicable and reach the merits of Liby's argument.

*The district court did not err in revoking Liby's probation without first imposing sanctions.*

The decision to revoke probation generally lies within the discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A district court may revoke probation upon finding that the defendant violated the terms of probation. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). But the district court's ability to revoke probation is limited by statute. K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(E) generally requires the court to impose intermediate sanctions on an individual who violates the conditions of probation. But a recent exception to that rule permits the court to revoke probation without applying intermediate sanctions if the probation was granted as the result of a dispositional departure by the sentencing court. K.S.A. 2017 Supp. 22-3716(c)(9)(B).  Liby admits that his probation was the result of a dispositional departure.

But the dispositional departure exception went into effect on July 1, 2017. Liby contends we must apply the law in effect in 2016—the time he committed his crime of conviction—a year before this dispositional departure exception went into effect. He

3

relies on the general rule that courts must apply penal statutes as they were in effect when a defendant committed a crime (citing *State v. Kurtz*, 51 Kan. App. 2d 50, Syl. ¶ 5, 340 P.3d 509 [2014]).

We agree that, generally, the criminal statutes in effect on the date a defendant committed a crime govern the defendant's penalties. *State v. Denney,* 278 Kan. 643, 646, 101 P.3d 1257 (2004). But a different rule applies to sanctions for violating probation, as *Kurtz* held:

> "The legislature has . . . clarified that the date that controls the law that applies to the imposition of sanctions for violating probation is the law that existed when the defendant violated probation, not the law that existed when the defendant committed the underlying crime." *Kurtz*, 51 Kan. App. 2d at 56.

The Legislature did so by enacting K.S.A. 2017 Supp. 22-3716(c)(12):

> "The violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced."

The violation sanction provided in K.S.A. 2017 Supp. 22-3716(c)(9)(B) for dispositional departure probations is a violation sanction provided in this subsection.

Liby violated his probation in October or November 2017, after the dispositional departure exception took effect in July 2017. The district court properly looked to the law in effect on the date the defendant violated probation, not the law that existed when the defendant committed the underlying crime. Because Liby's probation was originally granted as the result of a dispositional departure, the district court had the authority to revoke Liby's probation without having previously imposed an intermediate sanction.

4

Affirmed.

* * *

ATCHESON, J., concurring: Defendant Jerry Liby has no legal basis to complain because the Saline County District Court revoked his probation and ordered him to serve his underlying prison sentence without imposing some intermediate sanction. Liby received a dispositional departure to probation at his sentencing on October 30, 2017, following his no contest plea to and conviction for aggravated battery. The Kansas Legislature amended K.S.A. 22-3716(c)(9) as of July 1, 2017, to give district courts the authority to dispense with intermediate sanctions for defendants who violate the terms of their probations after receiving dispositional departures. Because the amendment became effective about four months before Liby agreed to accept probation as an alternative to incarceration, he had fair notice that he could have his probation revoked and be sent to prison for any violation. See *Douglas v. Buder*, 412 U.S. 430, 432, 93 S. Ct. 2199, 37 L. Ed. 2d 52 (1973) (due process violated when Missouri court treats probationer's receipt of a traffic ticket as an "arrest" and, therefore, a violation of his probation when that amounts to an "unforeseeable" interpretation of state law).

Liby accepted the statutory and judicially imposed conditions of probation in effect at the time of his sentencing and the consequences that would attach to a violation of those conditions. He is bound to that election—he could have refused probation at all and simply gone to prison to serve his sentence. Liby's knowing and voluntary choice resolves this appeal and supports the district court's decision.

Under the circumstances here, we need not rely on the "retroactivity" language in K.S.A. 2017 Supp. 22-3716(c)(12) to affirm the district court. I would not do so, since there are at least potential pitfalls in that approach. The Legislature adopted that provision in 2014 to extend intermediate sanctions to defendants who might otherwise have been

considered ineligible for them and might have faced revocation and incarceration for their first probation violations. It did so by requiring the district courts to apply the statutory regimen of intermediate sanctions to defendants already on probation when those sanctions went into effect in 2013. In short, K.S.A. 2017 Supp. 22-3716(c)(12) provided a benefit to criminals on probation when it was enacted.

The majority, however, construes K.S.A. 2017 Supp. 22-3716(c)(12) in a way that would allow district courts to apply legislative amendments imposing harsher punishments for probation violations on defendants who have already accepted and have already been placed on probation. That application (or any application) of K.S.A. 2017 Supp. 22-3716(c)(12) is unnecessary in this case. And the majority's construction raises serious constitutional questions under both the Ex Post Facto Clause of the United States Constitution and the Due Process Clause of its Fourteenth Amendment. Absent a compelling reason, we should steer clear of constitutional issues. See *Lyng v. Northwest Indian Cemetery Prot. Assn.*, 485 U.S. 439, 445-46, 108 S. Ct. 1319, 99 L. Ed. 2d 534 (1988) (Courts should "avoid reaching constitutional questions in advance of the necessity of deciding them.").

Liby says the revocation of his probation should be governed by the law as it was in January 2015 when he committed the aggravated battery. But that argument is a hollow one. A defendant's *eligibility* for probation as an alternative to serving a sentence of incarceration may be dictated by the statutes in effect when he or she committed the crime of conviction. The statutory availability of probation at all is intertwined with punishment and would be driven by the date of the criminal act. See *State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015) ("[I]t is a fundamental rule of sentencing that the penalty parameters for a crime are established at the time the crime was committed."). But the terms and conditions of the probation, the consequences for a violation, and the grounds for revocation would be those in effect at the time a defendant accepts probation as an alternative to incarceration. A later legislative change increasing the statutory

6

punishments or bases for revocation for probationers across the board could be infirm if applied retroactively. Conversely, a district court retains the authority to modify the terms and conditions imposed on a particular probationer for cause and upon hearing to promote his or her rehabilitation or to protect public safety.

Here, we need venture no further than finding Liby had fair notice that the district court could revoke his probation and send him to prison for any violation because he had accepted a departure to probation well after the amendment to K.S.A. 22-3716 creating that exception to the statutory schedule of intermediate sanctions. On that basis, I concur in affirming the district court's revocation of Liby's probation.