

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00347-CR

JEROMY GADDY                                                      APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## EN BANC OPINION ON REMAND

----------

This appeal is before us en banc on remand from the court of criminal

appeals.[1]  *Gaddy v. State*, No. PD-1118-11, 2012 WL 4448757, at *1 (Tex. Crim.

App. Sept. 26, 2012) (not designated for publication); *see* Tex. R. App. P. 78.1(f).

In our initial review of appellant Jeromy Gaddy's conviction for felony driving

---

[1]The appeal on remand originally was submitted to a panel of this court on January 29, 2013.  But because we determined that en banc consideration was necessary, we resubmitted the appeal to the court for en banc review on November 12, 2013.  *See* Tex. R. App. P. 41.2(c); *see also* Tex. R. App. P. 49.7.

while intoxicated (DWI), we concluded that the evidence was insufficient to show that Gaddy was twice previously convicted of DWI in New Mexico as required to sustain his conviction for felony DWI. *Gaddy v. State*, No. 02-09-00347-CR, 2011 WL 1901972, at \*5–12 (Tex. App.—Fort Worth May 19, 2011) (mem. op. on PDR, not designated for publication), *vacated*, 2012 WL 4448757. Because an instruction on the lesser-included offense of misdemeanor DWI was neither requested nor given, we reversed the trial court's judgment and rendered a judgment of acquittal. *Id.* at \*12–13; *see also* Tex. R. App. P. 43.2(c), 43.3. The court of criminal appeals vacated our judgment and remanded the case to this court "to consider the effect of *Bowen*, if any, on [our] reasoning and analysis in this case." *Gaddy*, 2012 WL 4448757, at \*1.

In *Bowen*, which was rendered after our decision in *Gaddy*, the court of criminal appeals held that if an appellate court concludes that the evidence supporting a conviction is legally insufficient, the court is not necessarily limited to ordering an acquittal but may instead remand to the trial court for modification of the judgment to reflect a conviction of a lesser-included offense—even if the jury was not charged on the lesser-included offense—and to conduct a new punishment hearing. *Bowen v. State*, 374 S.W.3d 427, 431–32 (Tex. Crim. App. 2012); *see also* Tex. R. App. P. 43.2(d). In short, "[t]he fact finder's determination of guilt should not be usurped in the punishment phase if the evidence is legally sufficient to support a conviction." *Bowen*, 374 S.W.3d at 432.

2

After *Bowen*, the court of criminal appeals suggested that "if the State charged someone with felony DWI and presented legally sufficient evidence of the DWI conduct but not of the enhancing prior conviction," it would be "easy to strike the aggravating element and reform the judgment to reflect the crime without the enhancement." *Britain v. State*, 412 S.W.3d 518, 521 (Tex. Crim. App. 2013). However, the court of criminal appeals cautioned that "an appellate court should not render a judgment of conviction for a lesser-included offense unless there is proof beyond a reasonable doubt of all elements of the lesser-included offense." *Id.* After *Britain*, the court of criminal appeals further clarified when a court of appeals should reverse a judgment and remand for modification to reflect a conviction of a lesser-included offense versus when a judgment should be reversed and an acquittal rendered:

> [A]fter a court of appeals has found the evidence insufficient to support an appellant's conviction for a greater-inclusive offense, in deciding whether to reform the judgment to reflect a conviction for a lesser-included offense, that court must answer two questions: 1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense?  If the answer to either of these questions is no, the court of appeals is not authorized to reform the judgment.  But if the answers to both are yes, the court is authorized—indeed required—to avoid the "unjust" result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense.

*Thornton v. State*, No. PD-0669-13, 2014 WL 1302039, at *7 (Tex. Crim. App. Apr. 2, 2014) (footnote omitted).  The court of criminal appeals warned, however,

3

that we may not consider the conduct of the parties at trial or whether an instruction on the lesser-included offense was requested in deciding the propriety of modification or rendition. *Id.* at *5; *see also* 43B George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 56.214 (3d ed. Supp. 2013–14) ("Generally, under *Bowen*, whether reformation is available on appeal does not depend at all on whether a lesser[-]included offense instruction was given or sought."). We are to focus solely on the evidence presented and the lesser-included conviction sought. *Thornton*, 2014 WL 1302039, at *5.

With these precedents in mind, we now turn to the case at hand. On remand, the State is not challenging whether Gaddy's two prior convictions for DWI, which occurred in New Mexico, were sufficiently proven to allow enhancement of Gaddy's DWI conviction from a misdemeanor to a felony under section 49.09(b)(2). *See* Tex. Penal Code Ann. § 49.09(b)(2) (West Supp. 2013). Indeed, the State "concedes that [Gaddy's] conviction for felony DWI must be reversed" because the evidence was insufficient to prove the offense-enhancement convictions. Further, Gaddy does not challenge the sufficiency of the evidence to support the elements of the lesser-included offense of misdemeanor DWI;[2] thus, the second *Thornton* inquiry may be answered yes.

---

[2]Gaddy does argue that our prior judgment acquitting him of DWI operates as a double-jeopardy bar to any subsequent conviction for misdemeanor DWI. Our previous judgment rendered a judgment of acquittal solely as to felony DWI. *Gaddy*, 2011 WL 1901972, at *13. Further, the court of criminal appeals vacated

4

Therefore, the only issue remaining on remand is the first *Thornton* question: whether, in the course of convicting Gaddy of felony DWI, the jury must have necessarily found every element necessary to convict Gaddy of misdemeanor DWI. This question must also be answered in the affirmative. The offense elements of felony DWI in this case are the same as the offense elements of misdemeanor DWI, save and except for the offense-enhancement paragraphs. *See id.* §§ 49.04, 49.09(b)(2) (West Supp. 2013); *Britain*, 412 S.W.3d at 521. Therefore, the jury necessarily found Gaddy guilty of misdemeanor DWI in the course of convicting him of felony DWI. As such, we must reverse the trial court's judgment and remand the case for necessary further proceedings—to modify its judgment to reflect a conviction for misdemeanor DWI and to conduct a punishment hearing attendant to the conviction for misdemeanor DWI. *See* Tex. R. App. P. 43.2(d), 43.3(a); *Thornton*, 2014 WL 1302039, at *11; *Bowen*, 374 S.W.3d at 432; *see also* Tex. Penal Code Ann. § 12.22 (West 2011), § 49.04(b) (West Supp. 2013).

---

our prior judgment, which refutes Gaddy's double-jeopardy argument. *Cf. Fransaw v. Lynaugh*, 810 F.2d 518, 523–25 (5th Cir.) (holding double jeopardy did not bar trial of defendant on charge that was previously dismissed under a plea bargain that was later set aside), *cert. denied*, 483 U.S. 1008 (1987).

                                              /s/ Lee Gabriel
                                              LEE GABRIEL
                                              JUSTICE

EN BANC

DAUPHINOT, J., filed a dissenting opinion.

PUBLISH

DELIVERED:  May 15, 2014