**Opinion filed April 30, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00114-CR

_____

## DEBORAH BOWEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Fisher County, Texas**

**Trial Court Cause No. 3313**

### O P I N I O N

Deborah Bowen was initially convicted of the first-degree felony offense of misapplication of fiduciary property owned by, or held for the benefit of, Dana White and valued at $200,000 or more. *See* TEX. PENAL CODE ANN. § 32.45(b), (c)(7) (West Supp. 2014). In Appellant's first appeal to this court, we held that, although the evidence was sufficient to show that Appellant misapplied more than $200,000 of the family trust, the evidence was insufficient to show that $200,000 of those

misapplied assets were owned by White, one of four beneficiaries under the trust. *See Bowen v. State*, 322 S.W.3d 435, 437 (Tex. App.—Eastland 2010), *rev'd*, 374 S.W.3d 427 (Tex. Crim. App. 2012) (*Bowen I*). Based on our holding that the evidence was insufficient to support the conviction and based on the fact that the jury charge did not contain a lesser included offense, we reversed and entered a judgment of acquittal. *Id.* The Court of Criminal Appeals reversed the judgment of this court, held that the evidence supported a conviction for the second-degree felony offense of misapplication of fiduciary property, and remanded the case to the trial court to reform the conviction to a second-degree felony and to conduct a new punishment hearing on the reformed conviction. *Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012) (*Bowen II*). In authorizing a reformation of the conviction, the Court of Criminal Appeals overruled *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999), and *Haynes v. State*, 273 S.W.3d 183 (Tex. Crim. App. 2008), in which it had previously held that the court of appeals could not reform a conviction of a greater offense to a lesser included offense unless the lesser included offense was submitted to the jury. *Id.* On remand, the trial court convicted Appellant of the second-degree offense as instructed by the Court of Criminal Appeals; held a hearing on punishment; and assessed Appellant's punishment at confinement for a term of seven years, a fine in the amount of $7,500, and restitution in the amount of $103,344. Appellant presents four issues for our review. We affirm.

In her first issue, Appellant asserts that the trial court abused its discretion when it denied her plea in bar. Specifically, Appellant argues that our acquittal should stand and she should not have been subject to further prosecution by the Court of Criminal Appeals and subsequently by the trial court. The Double Jeopardy Clause provides in part that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause protects criminal defendants from three harms: (1) a second prosecution for

2

the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013) (citing *Brown v. Ohio*, 432 U.S. 161, 164–65 (1977)).

Appellant directs us to the following quote from *Stephens v. State*, 806 S.W.2d 812, 819 (Tex. Crim. App. 1990), in support of her argument: "Therefore, we hold that when a defendant has obtained a reversal of a conviction for a greater offense solely on the ground that there was insufficient evidence to prove the aggravating element of that offense, the Double Jeopardy Clause bars a subsequent prosecution for a lesser included offense." However, in *Stephens*, the State sought a new indictment and conviction for the offense of rape after the Court of Criminal Appeals affirmed the judgment of acquittal of the Dallas Court of Appeals in which the Dallas court held that the evidence was insufficient to support a conviction for aggravated rape. 806 S.W.2d at 813–14. The court explained that the Double Jeopardy Clause precluded the State from retrying the defendant and that the State was not entitled to a separate opportunity to present evidence that it failed to present during the first trial. *Id.* at 816–17. Here, Appellant was not subject to a second trial on the lesser included second-degree felony offense of misapplication of fiduciary property. The Court of Criminal Appeals used the evidence presented at Appellant's first trial to determine that the evidence supported a conviction for a second-degree felony even though it did not support a conviction for a first-degree felony. *Bowen II*, 374 S.W.3d at 432.

Appellant also cites to several other cases to support her argument that "[a]n acquittal is an acquittal" and that she should not have been subject to any further prosecution, including further review of her case by the Court of Criminal Appeals. *See, e.g.*, *Evans v. Michigan*, 133 S. Ct. 1069, 1073 (2013) (Double Jeopardy Clause bars retrial following a court-decreed acquittal even where acquittal is based upon

3

erroneous conclusion of law); *Burks v. United States*, 437 U.S. 1, 18 (1978) (accused cannot be subjected to a second trial when an appellate court reverses the conviction for lack of legally sufficient evidence); *State v. Blackshere*, 344 S.W.3d 400, 406 (Tex. Crim. App. 2011) (State not authorized to appeal acquittal; "any further prosecution, including an appeal by the prosecution that would lead to a second trial, is prohibited") (relying in part on *State v. Moreno*, 294 S.W.3d 594, 598, 602 (Tex. Crim. App. 2009) (holding same)). However, what is banned in each of the cases upon which Appellant relies is a second trial on guilt/innocence, not a second trial on punishment. Appellant has not been subjected to a "second trial" to determine her guilt or innocence; she has been subjected only to a second punishment hearing. *See Monge v. California*, 524 U.S. 721, 724 (1998) (holding that the Double Jeopardy Clause is not applicable to noncapital sentencing proceedings). Therefore, Appellant has not been "tried again," nor has she received multiple punishments for the same offense.

Furthermore, a post-verdict judgment, such as a trial court's grant of a motion for new trial on sufficiency grounds, is reviewable on appeal and does not violate double jeopardy. *State v. Savage*, 933 S.W.2d 497, 500 (Tex. Crim. App. 1996) (citing *United States v. Wilson*, 420 U.S. 332, 336 (1975)). Our holding that the evidence was insufficient to support Appellant's conviction in *Bowen I* is analogous to a post-verdict judgment of acquittal and, thus, was reviewable by the Court of Criminal Appeals. In addition, our judgment of acquittal was never final and was rendered a nullity when it was vacated by the Court of Criminal Appeals. *See Gaddy v. State*, 433 S.W.3d 128, 131 n.2 (Tex. App.—Fort Worth 2014, pet. ref'd) (op. on remand) (Court of Criminal Appeals vacated prior judgment, which refutes defendant's double-jeopardy argument). Therefore, Appellant's claim that the Court of Criminal Appeals and the trial court violated the Double Jeopardy Clause is misplaced. Moreover, as an intermediate appellate court, we decline to hold that the

4

Court of Criminal Appeals violated the Double Jeopardy Clause when it considered the State's petition for discretionary review, reversed our judgment, and remanded the cause to the trial court for a new punishment hearing. We overrule Appellant's first issue.

Appellant argues in her second issue that the trial court abused its discretion when it denied her motion for new trial on the ground that her right to due process had been violated. Appellant asserts that due process of law and TEX. R. APP. P. 43.2(c) demand that the decision by the Court of Criminal Appeals to allow an appellate court to reform a judgment to reflect a conviction on a lesser included offense, even when the jury is not instructed on the lesser included offense, should have applied prospectively, not retroactively. Appellant argues that she was entitled to rely on the doctrine that, when the prosecution failed to prove what was alleged in the indictment and charged to the jury, an appellate court could not reform the judgment to show a conviction of a lesser included offense. Prior to the decision of the Court of Criminal Appeals in *Bowen II*, a defendant could forego requesting a lesser included instruction when the defendant thought that there was insufficient evidence to support the charged offense in hopes that the defendant would be acquitted by the jury or on appeal. Although *Bowen II* might have changed the defensive strategy for requesting jury instructions on lesser included offenses, it did not violate due process.

In *Janecka v. State*, the court explained that, although the "retroactive application of an unforeseeable judicial construction of a statute, or a sudden, unanticipated change in a court-made rule, may violate due process," "the gravamen of this due process guarantee is 'fair warning' to the defendant that his conduct was criminal at the time he engaged in it." 937 S.W.2d 456, 461 (Tex. Crim. App. 1996). Here, the indictment charged Appellant with "intentionally, knowingly, or recklessly misapply[ing] property, . . . of the value of $200,000 or more, that [Appellant] held

5

as a fiduciary . . . in a manner that involved substantial risk of loss of the property to Dana White . . . by appropriating the said property for her own benefit." The allegations in the indictment gave Appellant sufficient notice of the crime with which she was being charged. Although the indictment did not allege in the alternative that Appellant misapplied lesser amounts of fiduciary property, Appellant's misapplication of property in a lesser amount would not have made her conduct a different crime but, instead, would have changed the degree of the offense and the punishment applicable to her criminal conduct. The criminal conduct alleged in the indictment against Appellant and set out in Section 32.45 of the Penal Code has not changed. Therefore, Appellant cannot claim that she was denied due process; Appellant had fair warning under Section 32.45 that her conduct was criminal. Furthermore, the Court of Criminal Appeals clearly intended for its decision to apply to Appellant when it applied its holding to Appellant's case and remanded the cause to the trial court to reform the judgment to reflect a conviction for the lesser included offense. *Bowen II*, 374 S.W.3d at 431–32. We overrule Appellant's second issue.

In her third issue, Appellant contends that the evidence was insufficient to support a first-degree felony conviction. This issue is moot. We held in *Bowen I* that the evidence was insufficient to support a conviction for a first-degree felony. 322 S.W.3d at 437. The Court of Criminal Appeals agreed that the evidence was insufficient to support a first-degree felony but reversed our judgment of acquittal because the evidence supported a lesser included offense. *Bowen II*, 374 S.W.3d at 432. Therefore, we overrule Appellant's third issue.

Appellant asserts in her fourth issue that the evidence is also insufficient to support a second-degree felony offense of misapplication of fiduciary property. We are not at liberty to again review the evidence at this juncture. This appeal comes to us after a new sentencing hearing, not following a new trial on the merits.

Furthermore, the Court of Criminal Appeals expressly concluded that "[t]he value of the property misapplied was approximately $103,344, which supports a felony conviction in the second degree. Accordingly, the judgment must be reformed to reflect a second-degree felony conviction." *Id.* (footnote omitted). The trial court reformed the judgment as instructed by the Court of Criminal Appeals. We will not disturb that judgment. Appellant's fourth issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


April 30, 2015

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Bailey, J., and McCall.[1]

Willson, J., not participating.

---

[1]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.