PD-0798-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/29/2015 12:18:17 PM
Accepted 6/29/2015 5:12:56 PM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AUSTIN, TEXAS

DEBORAH BOWEN,
    APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-13-00114-
CR; TRIAL COURT NO. 3313)

STATE OF TEXAS,
    APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHIEF JUSTICE JIM R. WRIGHT, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

FILED IN
COURT OF CRIMINAL APPEALS

June 29, 2015

ABEL ACOSTA, CLERK

ATTORNEY FOR APPELLANT

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

DEBORAH BOWEN,
        APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-13-00114-
CR; TRIAL COURT NO. 3313)

STATE OF TEXAS,
        APPELLEE

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Hon. Glen Harrison
32nd District Court
Nolan County Courthouse
Sweetwater, TX 79566

Stan Brown
Appellant's Attorney/ Appeal
P.O. Box 3122
Abilene, Texas 79604

Ann Reed
32nd District Attorney
Nolan County Courthouse
Sweetwater, TX 79602

John R. Saringer
Appellant's Attorney/Trial
P.O. Box 360
Abilene, TX 79604

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711

Deborah Bowen, Appellant
6343 I.H. 20E
Abilene, TX 79601

# TABLE OF CONTENTS

**SUBJECT**                                                              **PAGE**

IDENTITY OF JUDGE, PARTIES, AND COUNSEL...........................ii

STATEMENT REGARDING ORAL ARGUMENT...............................vii

STATEMENT OF THE CASE..........................................................1

STATEMENT OF PROCEDURAL HISTORY...........................................2

## QUESTION PRESENTED FOR REVIEW NO. ONE

Was the retroactive overruling of *Collier* and *Haynes* by *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012) a denial of Due Process of Law that was not considered by this Court; and on which the Court of Appeals failed to consider Appellant's most important case? (Suppl. C.R. at 149-162)(VI Suppl. R.R. at 14-15).....................................................3

***EX PARTE SCALES* MANDATES RETROACTIVE OVERRULING OF *COLLIER* AND *HAYNES* DENIED APPELLANT DUE PROCESS**...................................................................3

**RELATIONSHIP BETWEEN *EX POST FACTO* LAWS AND OVERRULING ESTABLISHED PRECEDENT**..........................5

**THE RETROACTIVE OVERRULING OF THE CARVING DOCTRINE, AS WELL AS *COLLIER* & *HAYNES*, VIOLATED DUE PROCESS OF LAW** ...................................................7

**CONCLUSION**....................................................................8

## QUESTION PRESENTED FOR REVIEW NO. TWO

Did Jeopardy attach when the Court of Appeals reversed and reformed Appellant's conviction of first degree felony Misapplication of Fiduciary Property and entered a judgment of acquittal in *Bowen v. State*, 322 S.W.3d 435 (Tex. App.-Eastland 2010, pet. granted)? (Suppl. C.R. at 78) (IV Suppl. R.R. at 19)................................................................................9

***BURKS*, *EVANS*, *STEPHENS*, AND *MORENO* MANDATE JEOPARDY BARS ALL FURTHER PROSECUTION**.......................9

**JEOPARDY ATTACHES TO AN INTERMEDIATE APPELLATE COURT ACQUITTAL** ...............................10

**EVERY STAGE OF PROCEEDING AGAINST ACCUSED IS A CRIMINAL PROSECUTION**.................................13

**CONCLUSION**..............................................15

PRAYER FOR RELIEF......................................16

CERTIFICATE OF SERVICE................................16

CERTIFICATE OF COMPLIANCE...........................17

## INDEX OF AUTHORITIES

**CASES**                                                                **PAGE**

*Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012)...............*passim*

*Bowen v. State*, 322 S.W.3d 435 (Tex. App.-Eastland 2010, pet. granted)...................................................*passim*

*Burks v. United States*, 437 U.S. 1, 10, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)........................................9, 10-11, 14

*Calder v. Bull*, 3 U.S. 386, 391 (1798)...........................4, 5

*Carranza-De Salinas v. Holder*, 700 F.3d 768 (5th Cir. 2012)..................6

*Carmel v. Texas*, 529 U.S.513, 120 S.Ct. 1620, 146 L.Ed2d 577 (2000)..........................................5-6, 8

*Chalin v. State*, 645 S.W.2d 265 (Tex. Crim. App. 1982).....................6

*Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999)..............3, 6, 7, 8

*Douglas v. Buder*, 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973).......6

*Evans v. Michigan*, _____ U.S. _, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2013)..........................................9-11, 14

*Ex Parte Castillo*, _____ S.W.3d _____, 2015 WL 3486960, NO. PD-0545-14 (Tex. Crim. App. June 3, 2015).......................14

*Ex Parte Chaddock*, 369 S.W.3d 880 (Tex. Crim. App. 2012)................12

*Ex Parte Clay*, 675 S.W.2d 765 (Tex. Crim. App. 1984).....................7

*Ex Parte Heilman*, 456 S.W.3d 159 (Tex. Crim. App. 2015)..................4

*Ex Parte McWilliams*, 634 S.W.2d 815 (Tex. Crim. App. 1982)...............7

*Ex Parte Scales*, 853 S.W.2d 586 (Tex. Crim. App. 1993)...............3, 7, 8

*Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962)...............................................................12

*Gaddy v. State*, 433 S.W.3d 128 (Tex. App.-Fort Worth 2014, pet ref'd)...............................................................8, 10, 13-14

*Haynes v. State*, 273 S.W.3d 183 (Tex. Crim. App. 2008)............3, 6, 7, 8

*Howland v. State*, 990 S.W.2d 274 (Tex. Crim. App. 1999)..............13-14

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)............................................................12-13, 15

*Martinez v. Illinois*, ____U.S. _____, 134 S.Ct. 2070, 188 L.Ed.2d 1112 (2014).................................................................11

*Monge v. California*, 524 U.S. 721 (1998)......................................9

*Sells v. State*, 121 S.W.3d 748 (Tex. Crim. App. 2003)...................14-15

*State v. Blackshere*, 344 S.W.3d 400 (Tex. Crim. App. 2011)................13

*State v. Moreno*, 294 S.W.3d 594 (Tex. Crim. App. 2009)....9, 10, 11-12, 14

*State v. Savage*, 933 S.W.2d 497 (Tex. Crim. App. 1996).....................9

*Stephens v. State*, 806 S.W.2d 812 (Tex. Crim. App. 1990).......9, 10, 12, 14

*Tigner v. State*, 928 S.W.2d 540 (Tex. Crim. App. 1996)....................14

*U.S. v. Wilson*, 420 U.S.332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975)......9-10

## CONSTITUTIONAL PROVISIONS, RULES, & TREATISES   PAGE

U.S. CONST. Art. I, §§9, 10................................................4, 5, 6, 7

U.S. CONST. amends. V & XIV............................................*passim*

Tex. R. App. P. 9.4...........................................................17

Tex. R. App. P. 66.3(c)....................................................4, 9

Black's Law Dictionary 1204 (6th ed. 1990)........................14

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the QUESTIONS PRESENTED; the denial of Due Process of Law by the retroactive overruling of established precedent, as well as whether Jeopardy attaches to an intermediate court of appeals' determination the evidence was insufficient; are issues that merit further clarification and discussion for the bench and bar. Therefore, the usual give and take of oral argument would be beneficial for the Court in determining which judicial changes in the law should be applied prospectively only in order to comport with Due Process, and also the extent to which all acquittals should bar further prosecution. Oral argument is essential in order to aid this Court's decisional processes by providing a more in-depth exploration of those extremely important issues.

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

DEBORAH BOWEN,
APPELLANT

NO. _____

(COURT OF APPEALS NO. 11-13-00114-CR; TRIAL COURT NO. 3313)

STATE OF TEXAS,
APPELLEE

*****************************************

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

*****************************************

## STATEMENT OF THE CASE

The jury convicted Appellant of First Degree felony misapplication of fiduciary property valued at $200,000.00 or more owned by and being held for the benefit of Dana White. (C.R. at 2, 54, 56).[1] On October 8, 2008, the trial court sentenced her to eight years TDCJ-ID, a fine of $10,000.00, and restitution of $350,000.00. (C.R. at 60). On September 2, 2010, the 11th Court of Appeals found the evidence insufficient, reversed the judgment of the trial court, and rendered a judgment of acquittal. *Bowen v. State*, 322 S.W.3d 435 (Tex. App.-Eastland 2010, pet. granted). This Court granted review, reversed the judgment of the 11th Court of Appeals, and remanded to the trial court to reform the conviction to Second Degree felony

---

[1] Citations to the previous record in 11-08-00262-CR will be designated (C.R. at) and (R.R. at), while citations to the record following the remand by the Court of Criminal Appeals will be designated (Suppl. C.R. at) and (Suppl. R.R. at).

misapplication of fiduciary property and conduct a new punishment hearing. *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012). Prior to that second punishment proceeding, Appellant filed her Plea in Bar (Suppl. C.R. at 78), and on March 6, 2013, the trial court denied the Plea in Bar (IV Suppl. R.R. at 19) and sentenced Appellant to seven years TDCJ-ID, a fine of $7,500.00, and restitution of $103,344.00 "with giving credit for any monies that you paid toward restitution." (V Suppl R.R. at 145)(Suppl. C.R. at 84). Immediately following the denial of our First Amended Motion for New Trial on April 8, 2013, (Suppl. C.R. at 89)(VI Suppl. R.R. at14-15), Appellant's Notice of Appeal was filed. (Suppl. C.R. at 214). The Trial Court's Certification of Defendant's Right of Appeal was filed March 6, 2013. (Suppl. C.R. at 88). Appellant seeks review of the decision of the Court of Appeals that affirmed her conviction.

## STATEMENT OF PROCEDURAL HISTORY

Appellant presented four issues in her brief, and the Eastland Court of Appeals affirmed. *Bowen v. State*, _____ S.W.3d _____ 2015 WL 1956866 (Tex. App.-Eastland April 30, 2015)(Appendix). Appellant filed a motion for rehearing May 15, 2015, which was denied without written opinion May 29, 2015. This petition is due to be filed by June 29, 2015; it is therefore timely filed.

2

## QUESTION PRESENTED FOR REVIEW NO. ONE

Was the retroactive overruling of *Collier* and *Haynes* by *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012) a denial of Due Process of Law that was not considered by this Court; and on which the Court of Appeals failed to consider Appellant's most important case? (Suppl. C.R. at 149-162) (VI Suppl. R.R. at 14-15).

## ARGUMENT

### *EX PARTE SCALES* MANDATES RETROACTIVE OVERRULING OF *COLLIER* AND *HAYNES* DENIED APPELLANT DUE PROCESS

The Court of Appeals, relying on established precedent, as did trial counsel, entered a judgment of acquittal because there was no evidence at trial Appellant had misapplied fiduciary property valued at $200.000.00 or more owned by or being held for the benefit of Dana White, a first degree felony, and no lesser offense was charged. *Bowen v. State*, 322 S.W.3d 435 (Tex. App.-Eastland 2010, pet. granted). This Court then ruled, retroactively, the authority relied upon by the Court of Appeals and trial counsel no longer applied, and remanded to the trial court "to reform the conviction to reflect the felony of misapplication of fiduciary property in the second degree and to conduct a new punishment hearing." *Bowen v. State*, *supra*, 374 S.W.3d at 432.

*Ex Parte Scales*, 853 S.W.2d 586, 588 (Tex. Crim. App. 1993), the case upon which Appellant primarily relies, ignored by the court below, held the retroactive application of the abandonment of the "carving doctrine" denied Mr. Scales Due Process of Law. *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999) and *Haynes v. State*, 273 S.W.3d 183 (Tex. Crim.

3

App. 2008); which this Court overruled in *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012); had stood for the proposition "an appellate court may reform a judgment to reflect a conviction for the lesser-included offense when that lesser-included offense was submitted in the jury charge." *Id.* at 429. The retroactive overruling of established precedent is closely akin to the legislative enactment of an *ex post facto* law prohibited by U.S. CONST. Art. I, §§9, 10.[2] *See generally, Calder v. Bull*, 3 U.S. 386, 391 (1798), wherein Mr. Justice Chase proclaimed:

> But I do not consider any law ex post facto, within the prohibition, that mollifies the rigor of the criminal law; but only those that create, or aggravate, the crime; or encrease the punishment, or change the rules of evidence, for the purpose of conviction. ...There is a great and apparent difference between making an UNLAWFUL act LAWFUL; and the making an innocent action criminal, and punishing it as a CRIME.

The ruling below certainly involves an overridingly important question of law that should be addressed by this Court. Should the overruling of precedent detrimental to Appellant's fundamental right to either be convicted of the offense charged or acquitted be prospective only in order to preserve Appellant's right to Due Process of Law? The 11th Court of Appeals therefore decided an important question of state and federal law that conflicts with the foregoing and following applicable decisions of this Court and the Supreme Court of the United States; Tex. R. App. P. 66.3(c); and which merits further discussion by this Court.

---

[2] *Ex Parte Heilman*, 456 S.W.3d 159, 166 (Tex. Crim. App. 2015): "Courts can still violate the Due Process Clause...through an *'unforeseeable judicial enlargement of a criminal statute, applied retroactively.'* " (Footnotes omitted)(Emphasis supplied).

4

## RELATIONSHIP BETWEEN *EX POST FACTO* LAWS AND OVERRULING ESTABLISHED PRECEDENT

*Carmel v. Texas*, 529 U.S.513, 120 S.Ct. 1620, 146 L.Ed2d 577 (2000) held the amendment to a Texas statute authorizing conviction of certain sexual offenses on only the victim's testimony, which was not previously permitted, was a law that altered the rules of evidence by requiring less evidence to convict; such laws are *ex post facto* laws; and convictions that rested solely on testimony of the victim who was 14 or 15 years of age at time of the offense were barred by that clause.

*Carmel* goes on to explain the analysis of *Calder* also applies to Due Process violations that change established precedent to the detriment of the accused.

> "As for what *Calder* says, the fourth category applies to '[e]very law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.'...The last six words are crucial. The relevant question is whether the law affects the quantum of evidence required *to convict;* a witness competency rule that (in certain instances at least) has the practical effect of telling us what evidence would result in *acquittal* does not really speak to *Calder's* fourth category... For these reasons, we hold that petitioner's convictions on counts 7 through 10, insofar as they are not corroborated by other evidence, cannot be sustained under the *Ex Post Facto* Clause, because Texas' amendment to Article 38.07 falls within *Calder's* fourth category. It seems worth remembering, at this point, Joseph Story's observation about the Clause:
>
> > If the laws in being do not punish an offender, let him go unpunished; let the legislature, admonished of the defect of the laws, provide against the commission of future crimes of the same sort. The escape of one delinquent can never produce so much harm to the community, as may arise from

the infraction of a rule, upon which the purity of public justice, and the existence of civil liberty, essentially depend. 3 Commentaries on the Constitution § 1338, at 211, n. 2." *Id.* at 529 U.S. at 551, 552-553. (Citation omitted).

As aptly summarized in *Carranza-De Salinas v. Holder*, 700 F.3d 768, 772 (5th Cir. 2012), Appellant's position the retroactive overruling of *Collier* and *Haynes* violated her Due Process rights is particularly compelling: "'[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic.' *Landgraf v. USI Film Products,* 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The presumption 'finds expression in several provisions of our Constitution,' including the Ex Post Facto Clause, the Contract Clause, and the Fifth Amendment's Due Process Clause."[3]

While it is true the effect of what this Court ordered in *Bowen, supra*, was the retroactive overruling of *Collier* and *Haynes*, it is equally true the Court did not consider whether the retroactive overruling violated Appellant's Due Process of Law rights. It is that consideration, we respectfully urge, which is crucial to the criminal jurisprudence of the State

---

[3] *See also, Chalin v. State*, 645 S.W.2d 265, 271-272 (Tex. Crim. App. 1982), "Although the *ex post facto* clause of the United States Constitution 'is addressed at legislative action only,' and does not reach erroneous or inconsistent decisions by the courts, *Frank v. Mangum,* 237 U.S. 309, 344, 35 S.Ct. 582, 59 L.Ed. 969 (1915), the principles embodied in the clause are applicable to judicial actions through the Due Process Clause of the Fifth Amendment to the Constitution. *Marks v. United States,* 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977); *Bouie v. City of Columbia,* supra; also see *Douglas v. Buder,* 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973)."

*Douglas v. Buder, supra*, 93 S.Ct. at 2200 declared: "Moreover, even if it were clear that respondent had declared Missouri law to be that a traffic citation is the equivalent of an arrest, we would have to conclude that under the rationale of Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), the unforeseeable application of that interpretation in the case before us deprived petitioner of due process."

of Texas, in addition to the future of Appellant, Deborah Bowen. The entire area of the law regarding when the overruling of established precedent to the detriment of an accused becomes the judicial equivalent of a legislative *ex post facto* law merits an open, vigorous, and additional discussion.

## THE RETROACTIVE OVERRULING OF THE CARVING DOCTRINE, AS WELL AS *COLLIER & HAYNES*, VIOLATED DUE PROCESS OF LAW

*Ex Parte Scales, supra*, 853 S.W.2d at 588 controls on the issue of denial of Due Process by the retroactive overruling of *Collier* and *Haynes*:

> Essentially in our review today we must determine the scope of the "carving doctrine."[4] In this very case, applicant is now liable to conviction for two offenses, or more. Under the carving doctrine, if he engaged in only one criminal transaction, he would be liable to only one criminal conviction because, under the carving doctrine, the transaction *was* the offense. Likewise, where he might once have been exposed only to the punishment prescribed for unlawfully carrying a weapon, he must now expect to face the punishment prescribed for aggravated assault as well, even though he may have committed but a single criminal transaction. And finally, where the law once entitled him to prevent prosecution for aggravated assault after a conviction for the same criminal transaction, he is now denied the benefit of this substantive defensive theory. Therefore, our decision to make the abandonment of the "carving doctrine" retroactive in *Ex Parte Clay*[5] violated the Due Process Clause of the Federal Constitution. As such *Ex Parte Clay* and other cases in conflict with this decision are overruled.

---

[4] The carving doctrine was abandoned in *Ex Parte McWilliams*, 634 S.W.2d 815 (Tex. Crim. App. 1982), which defined it as follows: "Initially, carving was applied when the two offenses charged contained common material elements or when the two offenses required the same evidence to convict...This Court added the 'continuous act or transaction' test...Since that time the 'same evidence' and the 'continuous assaultive transaction' tests have been randomly applied. " *Id.* at 823 (Citations omitted).

[5] *Ex Parte Clay*, 675 S.W.2d 765 (Tex. Crim. App. 1984).

## CONCLUSION

As Justice Dauphinot succinctly wrote in *Gaddy v. State*, 433 S.W.3d 128, 135 (Tex. App.-Fort Worth 2014, pet ref'd)(Dauphinot, J., *dissenting*): "The State and the defense each chose its strategy, based on the law as it existed at the time of trial, and both were fully aware of the consequences of their choices of strategy. The National Football League (NFL) is considering doing away with the extra point, or points, after a touchdown. Just as it would be fundamentally unfair for the NFL's Rules Committee to change the scoring system retroactively to affect the outcome of the Super Bowl played two years ago, applying the *Bowen* rule to this case unfairly rescues one side from the consequences of its failed strategy." (Footnote omitted).

The retroactive overruling of *Collier* and *Haynes* in this case is analogous to the retroactive overruling of the carving doctrine. That doctrine, too, was unpopular with prosecutors. Nonetheless, *Ex Parte Scales* definitively illustrates, just as the retroactive abandonment of the carving doctrine violated Mr. Scales' Due Process rights, so does the retroactive overruling of *Collier* and *Haynes* violate Deborah Bowen's fundamental right to Due Process of Law; her right to rely on the doctrine she could only be convicted of what was charged in the indictment and instructed in the charge. As *Carmel* reminds us: "And, of course, nothing in the *Ex Post Facto* Clause prohibits Texas' *prospective* application of its amendment." *Carmel v. Texas, supra*, 529 U.S. at 553. This ongoing fundamental Due Process of Law issue merits review by the Court of Criminal Appeals.

8

## QUESTION PRESENTED FOR REVIEW NO. TWO

Did Jeopardy attach when the Court of Appeals reversed and reformed Appellant's conviction of first degree felony Misapplication of Fiduciary Property and entered a judgment of acquittal in *Bowen v. State*, 322 S.W.3d 435 (Tex. App.-Eastland 2010, pet. granted)? (Suppl. C.R. at 78) (IV Suppl. R.R. at 19).

## ARGUMENT

### *BURKS*, *EVANS*, *STEPHENS*, AND *MORENO* MANDATE JEOPARDY BARS ALL FURTHER PROSECUTION

The court below utterly failed to consider our argument Jeopardy bars *all further prosecution*. Instead, it merely concluded at page four of the Slip Opinion, "Appellant has not been subjected to a 'second trial' to determine her guilt or innocence; she has been subjected only to a second punishment hearing," citing *Monge v. California*, 524 U.S. 721, 724 (1998) for the holding Jeopardy is not applicable to noncapital sentencing proceedings. Then on that same page the Court of Appeals erroneously relied on *State v. Savage*, 933 S.W.2d 497, 500 (Tex. Crim. App. 1996) for its reliance on *U.S. v. Wilson*, 420 U.S.332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).[6]

The 11th Court of Appeals, therefore, decided an important question of state and federal law that conflicts with the applicable decisions of this Court and the Supreme Court of the United States. Tex. R. App. P. 66.3(c). Those fundamental controlling decisions are: *Burks v. United States*, 437 U.S. 1, 10, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Evans v. Michigan*, ___ U.S. _, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2013); *Stephens v. State*, 806 S.W.2d 812, 819

---

[6] Reliance on *U.S. v. Wilson* is misplaced. *Wilson* held Jeopardy did not prevent review of the trial court's dismissal of an indictment on the ground the delay between the offense

9

(Tex. Crim. App. 1990); and *State v. Moreno*, 294 S.W.3d 594 (Tex. Crim. App. 2009). We shall further demonstrate the importance of this issue to the criminal jurisprudence of the State of Texas by showing, contrary to the court below, the term "criminal prosecution" is all encompassing, and *Gaddy v. State*, 433 S.W.3d 128, 131 FN2 (Tex. App.-Fort Worth 2014, pet ref'd) holding that court's previous judgment acquitting Gaddy of felony DWI did not bar further prosecution, should not be the final word on this extremely important issue.

## JEOPARDY ATTACHES TO AN INTERMEDIATE APPELLATE COURT ACQUITTAL

*Burks v. United States*, 437 U.S. 1 (1978) held the Sixth Circuit Court of Appeals, an intermediate appellate court just as the 11th Court of Appeals, erred when it found the evidence insufficient and reversed and remanded to the trial court for a new trial. When the evidence is found insufficient on appeal, the appellate court must reverse and reform to show a judgment of acquittal. "[W]e are squarely presented with the question of whether a defendant may be tried a second time when a reviewing court has determined that in a prior trial the evidence was insufficient to sustain the verdict of the jury." *Id.* at 5.

Relying heavily on *Burks*[7], *Evans v. Michigan*, ___ U.S. _____, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2013) reversed the Michigan Supreme Court,

---

and the indictment had prejudiced the defendant. *Wilson* did not involve insufficient evidence. *Id.* at 95 S.Ct. 1017.

[7] "Most relevant here, our cases have defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense...*Burks v. United States*, 437 U.S. 1, 10, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)...Thus an 'acquittal'

10

"In the end, this case follows those that have come before it. The trial court's judgment of acquittal resolved the question of Evans' guilt or innocence as a matter of the sufficiency of the evidence, not on unrelated procedural grounds. That judgment, 'however erroneous' it was, *precludes reprosecution on this charge, and so should have barred the State's appeal as well*." Id. at 133 S.Ct. 1078. (Emphasis supplied). And *Martinez v. Illinois*, ___ U.S. ___, 134 S.Ct. 2070, 188 L.Ed.2d 1112 (2014), relying on *Evans*, reinforces our position an acquittal is an acquittal.[8]

*State v. Moreno, supra*, 294 S.W.3d at 600, makes plain Jeopardy bars *further prosecution* whether it is a new trial, resentencing, or any other manner of prosecution:

> The problem with the State's argument, as a matter of federal law, is that it has been presented and rejected numerous times in the federal courts, and the answer is now controlled by well-established precedent. The facts of this case are strikingly

---

includes 'a ruling by the court that the evidence is insufficient to convict,' a 'factual finding [that] necessarily establish[es] the criminal defendant's lack of criminal culpability,' and any other 'rulin[g] which relate[s] to the ultimate question of guilt or innocence.'..." *Evans* at 133 S.Ct. 1074-1075. (Some citations omitted).

"Perhaps most inconsistent with the State's and United States' argument is *Burks*. There we held that when a defendant raises insanity as a defense, and a court decides the 'Government ha[s] failed to come forward with sufficient proof of [the defendant's] capacity to be responsible for criminal acts,' the defendant has been acquitted because the court decided that 'criminal culpability ha[s] not been established.' 437 U.S., at 10, 98 S.Ct. 2141. Lack of insanity was not an 'element' of Burks' offense, bank robbery by use of a dangerous weapon...Rather, insanity was an affirmative defense to criminal liability. Our conclusion thus depended upon equating a judicial acquittal with an order finding insufficient evidence of culpability, not insufficient evidence of any particular element of the offense." *Evans* at 133 S.Ct. 1078. (Footnote and citation omitted).

[8] " '[O]ur cases have defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense.' *Evans v. Michigan*, 568 U.S. ——, ——, 133 S.Ct. 1069, 1074–1075, 185 L.Ed.2d 124 (2013). And the trial court clearly made such a ruling here. After the State declined to present evidence against Martinez, his counsel moved for 'directed findings of not guilty to both counts,' and the court 'grant[ed] the motion for a directed finding.' Tr. 21. That is a textbook acquittal: a finding that the State's evidence cannot support a conviction." *Id*. at 134 S.Ct. at 2076.

11

similar to the seminal case of *Fong Foo v. United States*.[9] In that case, the district judge directed a verdict of acquittal before the Government finished presenting its evidence because of a supposed lack of witness credibility and prosecutorial misconduct. The First Circuit Court of Appeals held that the judge did not have authority to enter a verdict before the Government rested its case. The Supreme Court recognized that the judge's actions were 'egregiously erroneous,' but nevertheless held that the Double Jeopardy Clause prohibited the court of appeals from setting aside the verdict of acquittal and subjecting the defendant to another trial.

*Ex Parte Chaddock*, 369 S.W.3d 880 (Tex. Crim. App. 2012) held:

Lesser-included offenses typically do not pass muster under the *Blockburger* test because the elements of the lesser offense are wholly subsumed by the elements of the greater offense; a defendant ordinarily may not be punished or tried twice for a greater-inclusive and a lesser-included offense without violating double jeopardy. *Id.* at 883.

That reinforces the crucial language from *Stephens v. State*, *supra*, 806 S.W.2d at 819: "[W]e hold that when a defendant has obtained a reversal of a conviction for a greater offense solely on the ground that there was insufficient evidence to prove the aggravating element of that offense, the Double Jeopardy Clause bars a *subsequent prosecution* for a lesser included offense." (Emphasis supplied). And obviously, second-degree Misapplication of Fiduciary Property is a lesser-included offense of first-degree Misapplication of Fiduciary Property.[10]

---

[9] *Fong Foo v. United States*, 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

[10] *See generally, Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979):"The question whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt or innocence. The constitutional necessity of proof beyond a reasonable doubt is not confined to those defendants who are morally blameless. *E. g., Mullaney v. Wilbur*, 421 U.S., at 697-698 (*requirement of proof beyond a reasonable doubt is not 'limited] to those facts which, if not proved, would wholly exonerate' the accused*). *Under our system of criminal justice even a thief is entitled to*

12

## EVERY STAGE OF PROCEEDING AGAINST ACCUSED IS A CRIMINAL PROSECUTION

"Whether the acquittal is 'based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict,' *any further prosecution, including an appeal by the prosecution that would lead to a second trial, is prohibited.* Even where an acquittal is based on an 'egregiously erroneous foundation,' such as erroneous exclusion of evidence or erroneous weighing of evidence, the acquittal bars appellate review of the ultimate disposition as well as the underlying foundation." *State v. Blackshere*, 344 S.W.3d 400, 406 (Tex. Crim. App. 2011). (Footnotes omitted)(Emphasis supplied). It is not only a second trial that is prohibited; it is also *any further prosecution. Howland v. State*, 990 S.W.2d 274 (Tex. Crim. App. 1999) affirms the obvious; each and every stage of a criminal action by the State against a person, including but not limited to a trial, is a criminal prosecution.[11]

At page four of the Slip Opinion, the Court of Appeals, relying on *Gaddy v. State, supra*, states "our judgment of acquittal was never final and was rendered a nullity when it was vacated by the Court of Criminal Appeals." Prior to that, on the same page, the court below concluded, "Appellant has not been subjected to a 'second trial' to determine her guilt or innocence; she has been subjected only to a second punishment hearing."

_____

*complain that he has been unconstitutionally convicted and imprisoned as a burglar." Id.* at 99 S.Ct. at 2791. (Emphasis supplied).

[11] "A plain reading of the statute demonstrates that the literal language includes all the steps between official accusation and final judgment. Extratextual sources narrow the

13

Professors Dix and Dawson's treatise on criminal procedure. We observed that the phrase "criminal proceeding" is a "very broad" term, "conceivably extending to all phases of a criminal prosecution." (Footnotes omitted).

## CONCLUSION

It does not matter the acquittal of Appellant may have been unfair or unjust, it was an acquittal nonetheless. "Even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a burglar." *Jackson v. Virginia, supra*, 99 S.Ct. at 2791. The prohibition against Double Jeopardy mandates there shall be no further prosecution. That means it makes no difference the decision of this Court in *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012) did not result in another trial, because it certainly did result in the further prosecution of Appellant Deborah Bowen. The overridingly important issues of the attachment of Jeopardy to an intermediate appellate court acquittal, including the meaning of "all further prosecution," cry out for resolution by this Court.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays this Court grant discretionary review and oral argument and, after full briefing on the merits, issue an opinion reversing this conviction and reinstating the previous judgment of acquittal, or, alternatively, reverse this conviction and hold the overruling of *Collier* and *Haynes* to be prospective only in this case.

Respectfully submitted,

/s/ Stan Brown
STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on this _____29th_____ day of June, 2015, a true and correct copy of the above and foregoing Petition for Discretionary Review was emailed to Ann Reed, 32nd District Attorney, at ann@32ndda-tx.us; and to Ms. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov.

/S/ Stan Brown
STAN BROWN

## CERTIFICATE OF COMPLIANCE

I hereby certify that according to my computer program used to prepare the foregoing document, the word count, in accordance with Tex. R. App. P. 9.4, is ___4012___ words; and further certify that the brief is in Times 14-point type, except for footnotes which are Times 12-point type.

/S/ Stan Brown
STAN BROWN

# APPENDIX



In The

# Eleventh Court of Appeals

No. 11-13-00114-CR

**DEBORAH BOWEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 32nd District Court**

**Fisher County, Texas**

**Trial Court Cause No. 3313**

## O P I N I O N

Deborah Bowen was initially convicted of the first-degree felony offense of misapplication of fiduciary property owned by, or held for the benefit of, Dana White and valued at $200,000 or more. *See* TEX. PENAL CODE ANN. § 32.45(b), (c)(7) (West Supp. 2014). In Appellant's first appeal to this court, we held that, although the evidence was sufficient to show that Appellant misapplied more than $200,000 of the family trust, the evidence was insufficient to show that $200,000 of those

misapplied assets were owned by White, one of four beneficiaries under the trust. *See Bowen v. State*, 322 S.W.3d 435, 437 (Tex. App.—Eastland 2010), *rev'd*, 374 S.W.3d 427 (Tex. Crim. App. 2012) (*Bowen I*). Based on our holding that the evidence was insufficient to support the conviction and based on the fact that the jury charge did not contain a lesser included offense, we reversed and entered a judgment of acquittal. *Id.* The Court of Criminal Appeals reversed the judgment of this court, held that the evidence supported a conviction for the second-degree felony offense of misapplication of fiduciary property, and remanded the case to the trial court to reform the conviction to a second-degree felony and to conduct a new punishment hearing on the reformed conviction. *Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012) (*Bowen II*). In authorizing a reformation of the conviction, the Court of Criminal Appeals overruled *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999), and *Haynes v. State*, 273 S.W.3d 183 (Tex. Crim. App. 2008), in which it had previously held that the court of appeals could not reform a conviction of a greater offense to a lesser included offense unless the lesser included offense was submitted to the jury. *Id.* On remand, the trial court convicted Appellant of the second-degree offense as instructed by the Court of Criminal Appeals; held a hearing on punishment; and assessed Appellant's punishment at confinement for a term of seven years, a fine in the amount of $7,500, and restitution in the amount of $103,344. Appellant presents four issues for our review. We affirm.

In her first issue, Appellant asserts that the trial court abused its discretion when it denied her plea in bar. Specifically, Appellant argues that our acquittal should stand and she should not have been subject to further prosecution by the Court of Criminal Appeals and subsequently by the trial court. The Double Jeopardy Clause provides in part that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause protects criminal defendants from three harms: (1) a second prosecution for

2

the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013) (citing *Brown v. Ohio*, 432 U.S. 161, 164–65 (1977)).

Appellant directs us to the following quote from *Stephens v. State*, 806 S.W.2d 812, 819 (Tex. Crim. App. 1990), in support of her argument: "Therefore, we hold that when a defendant has obtained a reversal of a conviction for a greater offense solely on the ground that there was insufficient evidence to prove the aggravating element of that offense, the Double Jeopardy Clause bars a subsequent prosecution for a lesser included offense." However, in *Stephens*, the State sought a new indictment and conviction for the offense of rape after the Court of Criminal Appeals affirmed the judgment of acquittal of the Dallas Court of Appeals in which the Dallas court held that the evidence was insufficient to support a conviction for aggravated rape. 806 S.W.2d at 813–14. The court explained that the Double Jeopardy Clause precluded the State from retrying the defendant and that the State was not entitled to a separate opportunity to present evidence that it failed to present during the first trial. *Id.* at 816–17. Here, Appellant was not subject to a second trial on the lesser included second-degree felony offense of misapplication of fiduciary property. The Court of Criminal Appeals used the evidence presented at Appellant's first trial to determine that the evidence supported a conviction for a second-degree felony even though it did not support a conviction for a first-degree felony. *Bowen II*, 374 S.W.3d at 432.

Appellant also cites to several other cases to support her argument that "[a]n acquittal is an acquittal" and that she should not have been subject to any further prosecution, including further review of her case by the Court of Criminal Appeals. *See, e.g., Evans v. Michigan*, 133 S. Ct. 1069, 1073 (2013) (Double Jeopardy Clause bars retrial following a court-decreed acquittal even where acquittal is based upon

erroneous conclusion of law); *Burks v. United States*, 437 U.S. 1, 18 (1978) (accused cannot be subjected to a second trial when an appellate court reverses the conviction for lack of legally sufficient evidence); *State v. Blackshere*, 344 S.W.3d 400, 406 (Tex. Crim. App. 2011) (State not authorized to appeal acquittal; "any further prosecution, including an appeal by the prosecution that would lead to a second trial, is prohibited") (relying in part on *State v. Moreno*, 294 S.W.3d 594, 598, 602 (Tex. Crim. App. 2009) (holding same)). However, what is banned in each of the cases upon which Appellant relies is a second trial on guilt/innocence, not a second trial on punishment. Appellant has not been subjected to a "second trial" to determine her guilt or innocence; she has been subjected only to a second punishment hearing. *See Monge v. California*, 524 U.S. 721, 724 (1998) (holding that the Double Jeopardy Clause is not applicable to noncapital sentencing proceedings). Therefore, Appellant has not been "tried again," nor has she received multiple punishments for the same offense.

Furthermore, a post-verdict judgment, such as a trial court's grant of a motion for new trial on sufficiency grounds, is reviewable on appeal and does not violate double jeopardy. *State v. Savage*, 933 S.W.2d 497, 500 (Tex. Crim. App. 1996) (citing *United States v. Wilson*, 420 U.S. 332, 336 (1975)). Our holding that the evidence was insufficient to support Appellant's conviction in *Bowen I* is analogous to a post-verdict judgment of acquittal and, thus, was reviewable by the Court of Criminal Appeals. In addition, our judgment of acquittal was never final and was rendered a nullity when it was vacated by the Court of Criminal Appeals. *See Gaddy v. State*, 433 S.W.3d 128, 131 n.2 (Tex. App.—Fort Worth 2014, pet. ref'd) (op. on remand) (Court of Criminal Appeals vacated prior judgment, which refutes defendant's double-jeopardy argument). Therefore, Appellant's claim that the Court of Criminal Appeals and the trial court violated the Double Jeopardy Clause is misplaced. Moreover, as an intermediate appellate court, we decline to hold that the

Court of Criminal Appeals violated the Double Jeopardy Clause when it considered the State's petition for discretionary review, reversed our judgment, and remanded the cause to the trial court for a new punishment hearing. We overrule Appellant's first issue.

Appellant argues in her second issue that the trial court abused its discretion when it denied her motion for new trial on the ground that her right to due process had been violated. Appellant asserts that due process of law and TEX. R. APP. P. 43.2(c) demand that the decision by the Court of Criminal Appeals to allow an appellate court to reform a judgment to reflect a conviction on a lesser included offense, even when the jury is not instructed on the lesser included offense, should have applied prospectively, not retroactively. Appellant argues that she was entitled to rely on the doctrine that, when the prosecution failed to prove what was alleged in the indictment and charged to the jury, an appellate court could not reform the judgment to show a conviction of a lesser included offense. Prior to the decision of the Court of Criminal Appeals in *Bowen II*, a defendant could forego requesting a lesser included instruction when the defendant thought that there was insufficient evidence to support the charged offense in hopes that the defendant would be acquitted by the jury or on appeal. Although *Bowen II* might have changed the defensive strategy for requesting jury instructions on lesser included offenses, it did not violate due process.

In *Janecka v. State*, the court explained that, although the "retroactive application of an unforeseeable judicial construction of a statute, or a sudden, unanticipated change in a court-made rule, may violate due process," "the gravamen of this due process guarantee is 'fair warning' to the defendant that his conduct was criminal at the time he engaged in it." 937 S.W.2d 456, 461 (Tex. Crim. App. 1996). Here, the indictment charged Appellant with "intentionally, knowingly, or recklessly misapply[ing] property, . . . of the value of $200,000 or more, that [Appellant] held

as a fiduciary . . . in a manner that involved substantial risk of loss of the property to Dana White . . . by appropriating the said property for her own benefit." The allegations in the indictment gave Appellant sufficient notice of the crime with which she was being charged. Although the indictment did not allege in the alternative that Appellant misapplied lesser amounts of fiduciary property, Appellant's misapplication of property in a lesser amount would not have made her conduct a different crime but, instead, would have changed the degree of the offense and the punishment applicable to her criminal conduct. The criminal conduct alleged in the indictment against Appellant and set out in Section 32.45 of the Penal Code has not changed. Therefore, Appellant cannot claim that she was denied due process; Appellant had fair warning under Section 32.45 that her conduct was criminal. Furthermore, the Court of Criminal Appeals clearly intended for its decision to apply to Appellant when it applied its holding to Appellant's case and remanded the cause to the trial court to reform the judgment to reflect a conviction for the lesser included offense. *Bowen II*, 374 S.W.3d at 431–32. We overrule Appellant's second issue.

In her third issue, Appellant contends that the evidence was insufficient to support a first-degree felony conviction. This issue is moot. We held in *Bowen I* that the evidence was insufficient to support a conviction for a first-degree felony. 322 S.W.3d at 437. The Court of Criminal Appeals agreed that the evidence was insufficient to support a first-degree felony but reversed our judgment of acquittal because the evidence supported a lesser included offense. *Bowen II*, 374 S.W.3d at 432. Therefore, we overrule Appellant's third issue.

Appellant asserts in her fourth issue that the evidence is also insufficient to support a second-degree felony offense of misapplication of fiduciary property. We are not at liberty to again review the evidence at this juncture. This appeal comes to us after a new sentencing hearing, not following a new trial on the merits.

6

Furthermore, the Court of Criminal Appeals expressly concluded that "[t]he value of the property misapplied was approximately $103,344, which supports a felony conviction in the second degree. Accordingly, the judgment must be reformed to reflect a second-degree felony conviction." *Id.* (footnote omitted). The trial court reformed the judgment as instructed by the Court of Criminal Appeals. We will not disturb that judgment. Appellant's fourth issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


April 30, 2015

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Bailey, J., and McCall.[1]

Willson, J., not participating.

---

[1]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Deborah Bowen,

Vs. No. 11-13-00114-CR

The State of Texas,

\* From the 32nd District
Court of Fisher County,
Trial Court No. 3313.

\* April 30, 2015

\* Opinion by Wright, C.J.
(Panel consists of: Wright, C.J.,
Bailey, J., and McCall, sitting by
assignment)
(Willson, J., not participating)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.